[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #134
 FACTS
On February 20, 2001, the plaintiff, Federal National Mortgage Association, filed a single count amended complaint against the defendants, Frank Cirioni and Marlene Enos. The plaintiff alleges the following facts. The defendants are the owners of real property located at 777 Broad Street Extension, Waterford, Connecticut. On or about March 13, 1996, the defendants executed a note on said property, in the amount of $40,000 with Citizens Mortgage Corporation (Citizens). On May 11, 1998, said note and mortgage was assigned by Citizens to the plaintiff, Federal National Mortgage Association. The defendants defaulted on the note "for the month of October, 2000, and each and every month thereafter." Subsequently, the plaintiff provided the defendants with notice of default, electing to accelerate the balance due on the note plus accruing interest. The plaintiff subsequently initiated the present foreclosure matter.
On April 5, 2002 the defendant, Marlene Enos (Enos), filed an answer, special defense and counterclaim. As a special defense, Enos alleges that title to the premises is unmarketable because the foreclosure action describes only two of the three tracts of land comprising 777 Broad Street Extension. On April 25, 2002, the plaintiff moved to strike Enos' special defense on the ground that the special defense raised by Enos is not a recognized defense in a foreclosure action. The plaintiff attached a memorandum of law in support. On May 28, 2002, Enos filed a memorandum of law in opposition to the plaintiff's motion to strike.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) CT Page 11493Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike. The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.)Barasso v. Rear Still Hill Road, LLC, 64 Conn. App. 9, 13, 779 A.2d 198
(2001). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "[W]e construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well pleaded facts . . . are taken as admitted." (Internal quotation marks omitted.) Id. "Moreover . . . what is necessarily implied in an allegation need not be expressly alleged." (Brackets omitted; internal quotation marks omitted.) Lombardv. Edward J. Peters. Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
"[A] foreclosure action constitutes an equitable proceeding. . . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done." (Internal quotation marks omitted.) Webster Bank v. Zak, 71 Conn. App. 550, 556, ___ A.2d ___
(2002). "Historically, defenses to a foreclosure action have been limited to payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both. . . . Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles. . . . [O]ur courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had. . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury." (Citation omitted; Internal quotation marks omitted.) LaSalle NationalBank v. Freshfield Meadows, LLC, 69 Conn. App. 824, 833-34, 798 A.2d 445
(2002). "The rational behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction CT Page 11494 as the foreclosure action." (Internal quotation marks omitted.)Homecoming Financial Network, Inc. v. McDermott, Superior Court, judicial district of New Haven, Docket No. CV 01 0453370 (March 21, 2002,Celotto, J.T.R.).
In support of its motion to strike, the plaintiff argues that the special defense asserted by Enos is not a recognized defense to a foreclosure action, and, therefore, should be stricken. The defendant alleges in her special defense that "at the time of the execution of the mortgage . . . the defendants owned three tracts of land . . . known as 777 Broad Street Extension, Waterford, Connecticut. For reasons unknown . . . the plaintiff's predecessor Citizens Mortgage Corporation included only two tracts" when assigning the note and mortgage to the plaintiff. Accordingly, Enos argues that her special defense is valid because foreclosure would render title to the premises unmarketable. "While courts have recognized equitable defenses in foreclosure actions, they are consistent in holding that they are only proper when the attack the making, validity or enforcement of the lien." (Internal quotation marks omitted.) Hunt v. Guimond, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 95 0145570 (February 8, 1996, Hickey, J.), appeal dismissed, 69 Conn. App. 711, 796 A.2d 588
(2002). The defendant's special defense does not address the making validity or enforcement of the note or mortgage; thus, it is improper and stricken.
Martin, J. CT Page 11495