MARINE MIDLAND BANK *v.* PATRICK M. AHERN ET AL.
(SC 16103)

Borden, Norcott, Katz, Vertefeuille and DiPentima, Js.

Argued January 21—officially released February 15, 2000

*Charles D. Ray*, with whom, on the brief, was *John F. Carberry*, for the appellants (defendants).

*Thomas G. Wolff*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. This is a certified appeal from the Appellate Court[1] involving the foreclosure of a judgment lien. *Marine Midland Bank* v. *Ahern*, 51 Conn. App. 790, 724 A.2d 537 (1999). During the proceedings in the trial court, that court issued an order that is the subject matter of the appeal. See footnote 1 of this opinion. Subsequent to the filing of the appeal in this court, however, the trial court set new law days and title to the property has vested in the plaintiff by virtue of the judgment of strict foreclosure of the lien. The plaintiff specifically concedes, moreover, that the order at issue in the appeal was limited in duration and, by virtue of that limit and by virtue of the judgment of foreclosure and passing of the law days, is no longer in effect. The appeal, therefore, is moot.

The appeal is dismissed.

---

[1] We granted certification to appeal from the judgment of the Appellate Court limited to the following issue: "Whether the Appellate Court properly concluded that the defendants were not aggrieved by a trial court order prohibiting a nonparty general partnership from disposing of any of its funds, where the general partners of the subject partnership are two corporations, where the defendants are the sole owners of one of those corporations, and where the order was requested to prevent the defendants from disbursing funds from the partnership to themselves?" *Marine Midland Bank* v. *Ahern*, 248 Conn. 921, 733 A.2d 845 (1999).