L. NEWTON HUNT ET AL. *v.* JOSEPH L. GUIMOND
(AC 21504)

Lavery, C. J., and Bishop and Hennessy, Js.

Argued February 25—officially released May 14, 2002

*Peter B. Benedict,* for the appellant (defendant).

*Leo Nevas,* with whom, on the brief, was *Edward J. Capasse,* for the appellees (plaintiffs).

*Opinion*

BISHOP, J. In this mortgage foreclosure action, the defendant, Joseph L. Guimond, appeals from the trial court's judgment awarding attorney's fees and interest to the plaintiffs, L. Newton Hunt and Dorothy S. Hunt. The defendant claims that in awarding attorney's fees, the court improperly repudiated the express terms of a stipulated judgment entered into by the parties. We

dismiss the appeal for lack of subject matter jurisdiction.

The following facts are relevant to a resolution of this appeal. In 1987, the plaintiffs conveyed a parcel of land to the defendant and in partial payment accepted a promissory note secured by a purchase money mortgage. On several occasions thereafter, the defendant failed to make the required monthly payments.

In 1992, at the defendant's request, the plaintiffs agreed to restructure the note to reduce the monthly payments. The parties executed a new promissory note in the amount of $237,977.57, secured by a mortgage on the premises, to replace the former note. Under the terms of the new note, the plaintiffs agreed to obtain the necessary state and federal permits to allow a sea wall on the property to remain in place as constructed.

When the plaintiffs failed to deliver the permits, the defendant halted payments on the note. In 1995, the plaintiffs initiated an action to foreclose on the mortgage, and the defendant responded with an action to compel the production of the permits. After the two actions were consolidated for trial, an oral stipulation between the parties resolving both matters was entered into the record on April 14, 1999. The stipulation provided, inter alia, that (1) a judgment of foreclosure by sale would enter against the defendant, (2) the plaintiffs would obtain the necessary permits for the sea wall by August 1, 1999, (3) the defendant would pay the plaintiffs $219,814.54 on or before September 1, 1999, (4) the plaintiffs were entitled to file a motion to schedule a foreclosure sale date if the defendant failed to make the promised payment on or before September 1, 1999, (5) the defendant waived his right to object to such a motion and (6) should either party request a reasonable extension of time with respect to any of the dates set forth in the agreement, the other party would not unrea-

sonably withhold granting such an extension. The court then rendered judgment in accordance with the stipulation.

Thereafter, the plaintiffs timely obtained the permits, but the defendant failed to make the required payment by September 1, 1999. On September 3, 1999, the plaintiffs filed a motion to set a sale date. The court granted a forty-five day extension of time by agreement of the parties. When the defendant failed to tender payment by October 15, 1999, the plaintiffs reclaimed the motion. The court granted the defendant another extension of time to January 31, 2000. Over the next seven months, additional hearings were held in which the plaintiffs reclaimed the motion and the court granted the defendant further extensions of time.

At a hearing on June 12, 2000, the defendant's counsel advised the court that the plaintiffs had asked the defendant to pay interest on the debt. The defendant's counsel objected to an award of interest because such an award was not contemplated under the stipulated judgment. He also stated, however, that the parties had "agreed to hold that issue in abeyance because we thought we were going to get the financing in place." He continued, "We'll take that money that represents interest, we'll put it in an escrow account and we'll argue about it later, not tying up the refinancing, not tying up the court." The court later remarked: "You can fight [the interest issue until] you're old and gray because I think the way you want to handle that is put it in escrow and do the closing."

By August 28, 2000, the defendant still had not tendered payment to the plaintiffs. Accordingly, the court rendered a judgment of foreclosure by sale, scheduled a sale date for December 2, 2000, and appointed a committee to sell the property at a public auction. The court reserved judgment on awarding the plaintiffs interest

and attorney's fees because those issues were contested. In September, 2000, the parties submitted briefs to the court on the matter. In his brief, the defendant objected to "the inclusion of attorney's fees or interest in the amount to be paid to the [plaintiffs] out of the sale proceeds."

On November 20, 2000, the defendant filed a motion to open the judgment and to extend the sale date. The court denied the motion, reaffirmed that the sale would go forward as scheduled, stated that the principal amount of the debt was the amount agreed on in the stipulated judgment and added attorney's fees and interest, as provided in the note. The court also directed: "Interest and disputed attorney's fees will be paid into the court."

One day before the sale was scheduled to take place, the defendant tendered, and the plaintiffs accepted, payment of the debt in full plus attorney's fees and interest in the amount established by the court. The parties also agreed to cancel the sale. These events took place privately between the parties. Subsequently, the court denied the committee's request for reimbursement of the fees and expenses incurred in preparing for the sale. The defendant now challenges the court's award of attorney's fees and interest to the plaintiffs.

We begin by addressing the issue of this court's jurisdiction to hear the appeal. "Review by way of appeal is governed in general by General Statutes § 52-263, which provides in relevant part: Upon the trial of all matters of fact in any cause or action in the Superior Court . . . if *either party is aggrieved* by the decision of the court or judge . . . he may appeal to the court having jurisdiction from the final judgment of the court . . . . Further, Practice Book § 61-1 provides: An *aggrieved party* may appeal from a final judgment, except as otherwise provided by law. . . . Aggrievement, in essence, is

appellate standing. See *Beckish* v. *Manafort*, 175 Conn. 415, 419, 399 A.2d 1274 (1978) (question of aggrievement essentially one of standing and unless plaintiff aggrieved by decision she had no standing to appeal). Where a party lacks standing to appeal, the court is without subject matter jurisdiction. *Jolly, Inc.* v. *Zoning Board of Appeals*, 237 Conn. 184, 192, 676 A.2d 831 (1996). A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised. . . . [W]henever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon its own motion." (Emphasis in original; internal quotation marks omitted.) *Marine Midland Bank* v. *Ahern*, 51 Conn. App. 790, 796–97, 724 A.2d 537 (1999), appeal dismissed, 252 Conn. 151, 745 A.2d 189 (2000).

"Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . . We traditionally have applied the following two part test to determine whether aggrievement exists: (1) does the allegedly aggrieved party have a specific, personal and legal interest in the subject matter of a decision; and (2) has this interest been specially and injuriously affected by the decision. . . . Proof of aggrievement is, therefore, an essential prerequisite to the court's jurisdiction of the subject matter of the appeal." (Citations omitted; internal quotation marks omitted.) *Gladysz* v. *Planning & Zoning Commission*, 256 Conn. 249, 255–56, 773 A.2d 300 (2001).

We conclude, after a thorough review of the record, that this court lacks subject matter jurisdiction to hear the appeal because the defendant is not aggrieved by a final decision of the court. Although the defendant had a specific personal interest in the order that he pay interest and attorney's fees into the court, he voluntarily

paid interest and attorney's fees to the plaintiffs when the parties settled their dispute privately and agreed to cancel the foreclosure sale. Accordingly, it cannot be said that the defendant's interest was injuriously affected by the court's decision. See id., 256.

In its November 27, 2000 order, the court reaffirmed the foreclosure sale date and the principal amount of the debt, and directed that interest on the debt and the disputed attorney's fees be "paid into the court." The order thus anticipated that a sum for attorney's fees and interest would be set aside from the sale proceeds and would be held by the court until the issues of attorney's fees and interest could be resolved in a separate judicial proceeding. The order was consistent with the defendant's expectation, as expressed in his brief, that attorney's fees and interest, if awarded, would be paid out of the sale proceeds. The order also was consistent with the defendant's counsel's remark at the June, 2000 hearing that the parties expected to place the disputed amount in an escrow account pending further proceedings.

Instead of placing sale proceeds in escrow with the court pursuant to the judgment, however, the defendant paid the debt, attorney's fees and interest directly to the plaintiffs in an out-of-court settlement. In return, the plaintiffs agreed to cancel the foreclosure sale only one day before the scheduled sale date. The parties thus acted outside the judicial process to resolve the issues in dispute. The court's refusal to grant the committee's request for reimbursement of the fees and expenses incurred in arranging for the sale is further affirmation of this fact. Having voluntarily entered into a private settlement agreement with the plaintiffs, the defendant cannot now claim that his personal and legal interest in the property was specially and injuriously affected by the court's decision. Accordingly, the defen-

dant is not aggrieved, and this court lacks subject matter jurisdiction to hear the appeal.

In light of our conclusion, there is no need to address the defendant's claim on the merits or the plaintiffs' claim regarding mootness.

The appeal is dismissed.

In this opinion the other judges concurred.