ANTHONY BARASSO *v.* REAR STILL HILL
ROAD, LLC, ET AL.
(AC 23632)

Dranginis, Bishop and McLachlan, Js.

_____

Argued December 3, 2003—officially released March 9, 2004

*Sabato P. Fiano*, with whom, on the brief, was *Jonathan D. Elliott*, for the appellants (defendants).

*Leonard A. Fasano*, for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. The defendants in this foreclosure action, Rear Still Hill Road, LLC, and Emerald Realty,

Inc. (Emerald), appeal from the judgment of the trial court rendered in favor of the plaintiff, Anthony Barasso. The defendants claim that the court (1) improperly granted the plaintiff's motion for summary judgment and (2) failed to appoint a disinterested appraiser for the foreclosure sale. We agree with the defendants' first claim and, therefore, reverse the judgment of the trial court.[1]

The relevant facts are as follows. The plaintiff holds a note, now in default, dated November 7, 1994, for $250,000 from Emerald, secured by a second mortgage on certain property in Hamden. Frank Verderame holds the first mortgage on that property. Emerald subsequently conveyed the property by quitclaim deed to Rear Still Hill Road, LLC, the present owner of the fee interest.

Previously, the court granted the plaintiff's motion to strike the defendants' special defenses, and the defendants appealed. We reversed that judgment and remanded the case with direction to deny the plaintiff's motion to strike. *Barasso* v. *Rear Still Hill Road, LLC,* 64 Conn. App. 9, 14, 779 A.2d 198 (2001). The plaintiff subsequently filed the motion for summary judgment giving rise to this appeal. The defendants filed an objection, accompanied by the sworn affidavit of James R. McMahon III, the vice president of Emerald (McMahon affidavit). After oral argument, the court granted the plaintiff's motion for summary judgment. The parties thereafter stipulated to a judgment of foreclosure by sale, which the court ordered on September 23, 2002, and this appeal followed. Additional facts will be provided as necessary.

I

As a threshold matter, the plaintiff claims that this appeal should be dismissed on the ground that the

---

[1] Because we conclude that the motion for summary judgment was granted improperly, we do not consider the defendants' second claim.

defendants are not aggrieved by the stipulated judgment. "Aggrievement, in essence, is appellate standing." *Marine Midland Bank* v. *Ahern*, 51 Conn. App. 790, 797, 724 A.2d 537 (1999), appeal dismissed, 252 Conn. 151, 745 A.2d 189 (2000). In *Gladysz* v. *Planning & Zoning Commission*, 256 Conn. 249, 773 A.2d 300 (2001), our Supreme Court explained that "[a]ggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . . We traditionally have applied the following two part test to determine whether aggrievement exists: (1) does the allegedly aggrieved party have a specific, personal and legal interest in the subject matter of a decision; and (2) has this interest been specially and injuriously affected by the decision." (Citations omitted; internal quotation marks omitted.) Id., 255–56.

That test is satisfied in the present case. Although the defendants later stipulated to certain terms and the method of the inevitable foreclosure judgment, they filed special defenses to the action and objected to the plaintiff's motion for summary judgment as to the liability of the defendants.

Relying on our decision in *Hunt* v. *Guimond*, 69 Conn. App. 711, 796 A.2d 588 (2002), the plaintiff argues that the defendants cannot challenge the granting of the motion for summary judgment as to liability after they stipulated to the judgment of foreclosure by sale. In *Hunt*, we dismissed the defendant's appeal from the trial court's award of attorney's fees and interest for lack of aggrievement where the defendant, subsequent to the award, had paid the fees and interest to the plaintiffs pursuant to a private stipulation between the parties. We held that the defendant's interest was not injuriously affected because he voluntarily paid the fees and interest to the plaintiffs when the parties agreed

to settle the dispute privately and canceled the scheduled sale of the property. Id., 715–16.

The facts of this case are distinguishable from those in *Hunt*. In *Hunt*, the defendant stipulated to pay and paid the attorney's fees after the trial court issued the award. In the present case, the defendants never stipulated to the granting of the motion for summary judgment as to liability. Rather, they stipulated to the judgment simply to protect their interests in the event they were unsuccessful on appeal as to the issue of liability. Accordingly, we conclude that the defendants are aggrieved and, thus, possess the requisite standing to pursue this appeal.

## II

The defendants claim that the court improperly granted the plaintiff's motion for summary judgment because there exist genuine issues of material fact. We agree.

Summary judgment is appropriate where "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995); Practice Book § 17-49. Because the court's decision on a motion for summary judgment is a legal determination, our review on appeal is plenary. *Faigel* v. *Fairfield University*, 75 Conn. App. 37, 40, 815 A.2d 140 (2003).

Because litigants ordinarily have a constitutional right to have issues of fact decided by the finder of fact, the party moving for summary judgment is held to a strict standard. "[H]e must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue

of material fact." (Internal quotation marks omitted.) *Town Bank & Trust Co.* v. *Benson*, 176 Conn. 304, 307, 407 A.2d 971 (1978). A material fact is a fact that will make a difference in the result of the case. *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990). "[T]he burden of showing the nonexistence of any material fact is on the party seeking summary judgment . . . . It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward . . . *evidentiary facts*, or *substantial evidence outside the pleadings* to show the absence of any material dispute." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Doty* v. *Shawmut Bank*, 58 Conn. App. 427, 430, 755 A.2d 219 (2000). The party opposing summary judgment must present a factual predicate for his argument to raise a genuine issue of fact. *Wadia Enterprises, Inc.* v. *Hirschfeld*, 224 Conn. 240, 250, 618 A.2d 506 (1992). Once raised, if it is not conclusively refuted by the moving party, a genuine issue of fact exists, and summary judgment is inappropriate.

The court is required to view the facts presented in a motion for summary judgment in the light most favorable to the party opposing the motion. *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 111, 491 A.2d 368 (1985). "[I]ssue-finding, rather than issue-determination, is the key to the procedure." (Internal quotation marks omitted.) *Michaud* v. *Gurney*, 168 Conn. 431, 433, 362 A.2d 857 (1975). "[T]he trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [Its] function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Internal quotation marks omitted.) *Kroll* v. *Sebastian*, 58 Conn. App. 262, 265, 753 A.2d 384 (2000).

The defendants claim that the McMahon affidavit, submitted in opposition to the plaintiff's motion for

summary judgment, raised genuine issues of material fact. "[A]ffidavits filed in connection with a motion for summary judgment must be made on personal knowledge, must set forth facts which would be admissible in evidence, and must show that the affiant is competent to testify to all matters stated in the affidavit. . . . Mere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." (Citations omitted; internal quotation marks omitted.) *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 377, 260 A.2d 596 (1969). Our review of the record persuades us that the McMahon affidavit satisfies that standard.

The affidavit alleged that Ralph Barasso, the plaintiff's brother, repeatedly had represented to the defendants that he was an authorized agent of both the plaintiff and Verderame, an alleged business partner of the plaintiff. Several times, McMahon met with Ralph Barasso and Verderame to discuss and to negotiate potential real estate deals and financing. As part of those negotiations and at the request of Ralph Barasso, McMahon provided detailed information concerning his family's corporate entities, finances and properties to Ralph Barasso, who represented that the information would be shared in confidence with the plaintiff and Verderame.

Prior to executing the note and mortgage at issue in this appeal, Ralph Barasso and Verderame represented to McMahon that they would provide all necessary financing for a planned elderly housing project. On September 2, 1994, Verderame loaned Trinity Estates Development Corporation (corporation), of which McMahon serves as president, $400,000, and on October 14, 1994, the plaintiff loaned the corporation $50,000. The defendants claim they relied on that representation and those financial dealings when they executed the note and mortgage on November 7, 1994, for the property at

issue. Following execution of the note, the plaintiff and Verderame failed to provide the financing as promised. In August, 1997, Verderame obtained the first mortgage on the parcel. One year later, the plaintiff commenced foreclosure proceedings against the defendants.

Viewed in the light most favorable to the defendants, the affidavit raised several areas in which factual determinations may control the outcome. A first issue is whether Ralph Barasso was an authorized agent of the plaintiff, which impacts not only the plaintiff's claim, but also the defendants' special defenses. Another pertains to the defendants' claims of fraud.

The existence of an agency and whether a person is acting within the bounds of his authority as an agent are questions of fact. *Cohen* v. *Meola*, 184 Conn. 218, 220, 439 A.2d 966 (1981); *Adams* v. *Herald Publishing Co.*, 82 Conn. 448, 451, 74 A. 755 (1909). Proof of an implied agency "is generally found in the acts and conduct of the parties." *Leary* v. *Johnson*, 159 Conn. 101, 105, 267 A.2d 658 (1970).

The defendants have raised several special defenses that are intertwined with the agency question. One is equitable estoppel. That doctrine requires proof that "the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." *Zoning Commission* v. *Lescynski*, 188 Conn. 724, 731, 453 A.2d 1144 (1982). In its memorandum of decision, the court explained that the defendants' equitable estoppel claim "lacks a key element . . . . The actions complained of here are those of other parties." Were a jury to find Ralph Barasso to be an agent of the plaintiff, that element would arguably be met.[2]

---

[2] "A general agent for a disclosed or even partially disclosed principal subjects the principal to liability for acts done on his account which usually

The defendants also raise the defense of fraud in the inducement.[3] "Fraud in the inducement to enter a contract is a well established equitable defense." *Connecticut National Bank* v. *Voog*, 233 Conn. 352, 367, 659 A.2d 172 (1995). "Fraud and misrepresentation cannot be easily defined because they can be accomplished in so many different ways. They present, however, issues of fact." (Internal quotation marks omitted.) *Harold Cohn & Co.* v. *Harco International, LLC*, 72 Conn. App. 43, 50, 804 A.2d 218, cert. denied, 262 Conn. 903, 810 A.2d 269 (2002). Our Supreme Court has stated that the "summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions. . . . It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given to their testimony can be appraised." (Citations omitted; internal quotation marks omitted.) *United Oil Co.* v. *Urban Redevelopment Commission*, supra, 158 Conn. 376. We conclude that the McMahon affidavit presented the necessary factual predicate for a fraud in the inducement defense.

In addition, the defendants raised the defense of unclean hands.[4] Application of that doctrine, which

accompany or are incidental to transactions which the agent is authorized to conduct." *Cleaveland* v. *Gabriel*, 149 Conn. 388, 394, 180 A.2d 749 (1962).

[3] The essential elements of an action in fraud are: "(1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." (Internal quotation marks omitted.) *Maturo* v. *Gerard*, 196 Conn. 584, 587, 494 A.2d 1199 (1985).

[4] The doctrine of unclean hands holds that one who seeks to prove that he is entitled to the benefit of equity must first come before the court with clean hands; *Cohen* v. *Cohen*, 182 Conn. 193, 201, 438 A.2d 55 (1980); and must therefore "show that his conduct has been fair, equitable and honest as to the particular controversy in issue." *Bauer* v. *Waste Management of Connecticut, Inc.*, 239 Conn. 515, 525, 686 A.2d 481 (1996).

requires a weighing of facts, rests within the sound discretion of the trial court. *Thompson* v. *Orcutt*, 257 Conn. 301, 308, 777 A.2d 670 (2001). We thus leave to the court, on remand, the determination of whether unclean hands exists under the particular facts of this case.[5]

Having examined the McMahon affidavit, the court concluded that "[t]here is nothing before the court to support [its factual] allegations . . . ." Similarly, in *DiUlio* v. *Goulet*, 2 Conn. App. 701, 704, 483 A.2d 1099 (1984), because the trial court had "discounted the plaintiff's counteraffidavit, in effect, resolving the issue," we reversed the judgment. "This is not the function of the court when ruling on a motion for summary judgment. Its proper role is not to try issues of fact but to determine whether there is a material issue of fact." Id. Here, the plaintiff did not present a scintilla of evidence refuting the factual allegations raised in the McMahon affidavit.

Accordingly, we conclude that a genuine issue of material fact exists as to whether Ralph Barasso was an agent of the plaintiff, which in turn raises genuine issues of material fact as to whether representations were made by Ralph Barasso, the plaintiff and Verderame that would constitute fraud in the inducement or permit the application of equitable estoppel. Those questions may be answered only by the trier of fact. For that reason, summary judgment was inappropriate.

---

[5] The defendants also alleged, as a special defense, that the plaintiff breached the covenant of good faith and fair dealing. "We recently stated that special defenses and counterclaims alleging a breach of an implied covenant of good faith and fair dealing . . . are not equitable defenses to a mortgage foreclosure. . . . Accordingly, the defendants' special defense is legally insufficient and is not a valid legal or equitable defense to a foreclosure action." (Citation omitted; internal quotation marks omitted.) *Fidelity Bank* v. *Krenisky*, 72 Conn. App. 700, 716–17, 807 A.2d 968, cert. denied, 262 Conn. 915, 811 A.2d 1291 (2002).

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.