## COYLE CRETE, LLC *v.* KATHLEEN NEVINS
### (AC 33332)

Gruendel, Beach and Sheldon, Js.

---

Argued April 25—officially released August 21, 2012

*Noah J. Schafler*, for the appellant (plaintiff).

*Elizabeth M. Cristofaro*, for the appellee (defendant).

*Opinion*

GRUENDEL, J. The plaintiff, Coyle Crete, LLC, appeals from the summary judgment rendered by the trial court in favor of the defendant, Kathleen Nevins. The plaintiff claims that the court improperly concluded that no genuine issue of material fact existed as to whether its claims were barred by the doctrines of collateral estoppel and res judicata. We agree and, accordingly, reverse the judgment of the trial court.

Mindful of the procedural posture of the case, we set forth the following facts as gleaned from the pleadings, affidavits and other proof submitted, viewed in a light most favorable to the plaintiff. See *Martinelli* v. *Fusi*, 290 Conn. 347, 350, 963 A.2d 640 (2009). In November, 2002, the plaintiff commenced a civil action against Six Flags New England (Six Flags) concerning concrete work it performed at the Six Flags amusement park in Agawam, Massachusetts. The defendant, an attorney licensed to practice law in Connecticut, represented

Six Flags in that action. It is undisputed that, on May 11, 2005, the plaintiff obtained a money judgment against Six Flags.

On May 18, 2005, the defendant sent the plaintiff a facsimile confirming that the total amount due under the judgment was $18,445.66, which sum included costs and postjudgment interest. On May 20, 2005, the defendant informed the plaintiff that Six Flags would satisfy that judgment without resort to judicial enforcement. When the plaintiff made a demand for payment on May 23, 2005, the defendant assured it that payment would be made contemporaneously with her receipt of the funds from Six Flags. Despite that assurance, the defendant did not tender such payment when she received the funds from Six Flags on June 10, 2005. Instead, she notified the plaintiff on June 13, 2005, that although she had received payment from Six Flags, she was in possession of a property execution of a third party creditor of the plaintiff that was served upon her by state marshal Lisa H. Stevenson. That execution was issued on November 9, 2004, and did not bear the name or last known address of the judgment creditor, and hence was invalid.

On June 14, 2005, the plaintiff apprised the defendant of the invalidity of the execution in her possession and again demanded payment. The defendant nevertheless refused to tender the funds. Beginning at approximately 9 a.m. on the morning of June 15, 2005, the plaintiff's attorneys repeatedly telephoned the defendant, who declined to speak with them. She eventually relented and spoke with the plaintiff's attorneys at approximately 2 p.m., at which time the defendant acknowledged that the execution in her possession was invalid. When the plaintiff demanded payment, the defendant indicated that Stevenson soon would be arriving at her office with a new execution. The defendant stated that in order to receive its funds, the plaintiff was "in a race

with the [m]arshal" to see who would arrive at her office first. Reminding her that she had not been served with a valid execution, the plaintiff's attorneys again demanded immediate payment consistent with the money judgment against her client. The defendant refused and thereafter surrendered the funds to Stevenson later that day.

On August 30, 2005, the defendant, on behalf of Six Flags, filed a "motion for determination that judgment has been satisfied" in which she averred that (1) she received payment from Six Flags for the plaintiff in the amount of $18,445.66 on June 10, 2005; (2) while she was in possession of those funds, a third party served an execution upon her as a holder of personal property of the plaintiff; (3) in response thereto, she "turned over the plaintiff's funds to . . . Stevenson"; and (4) Six Flags "having paid the judgment in this matter in an amount that the plaintiff agreed would satisfy the judgment, has in fact satisfied the judgment. The fact that the plaintiff was the subject of an execution that is unrelated to this case is irrelevant to the question of [Six Flags'] satisfaction of judgment in this case and should not prevent [Six Flags] from obtaining a satisfaction of judgment." The plaintiff filed an objection to that motion, in which it claimed that although Six Flags had made payment to the defendant with the express purpose of satisfying its legal obligation to the plaintiff, the defendant nevertheless improperly surrendered those funds to Stevenson.[1] The defendant, on behalf of

---

[1] In its three paragraph objection, the plaintiff alleged, inter alia, that "[o]n June 13, 2005, two full days prior to the execution being issued, demand for payment of the settlement funds was made upon the [defendant, who] refused to turn over the settlement funds on June 13, 2005. Demand was made upon [her] again on June 14, 2005, and June 15, 2005 to pay over the settlement funds, again [she] refused to pay over the funds, and instead alerted a judgment creditor of [the plaintiff's] that she was holding the settlement funds. Thus, [the defendant] acting in conspiracy with [the plaintiff's] judgment creditor . . . converted the settlement funds." In light of the foregoing, the plaintiff further alleged that "while Six [Flags] may have given funds to [the defendant] with the express purpose of satisfying its

Six Flags, did not respond to that latter allegation in any manner and no argument was held on the matter. On September 12, 2005, the court granted Six Flags' motion and determined that it had satisfied the money judgment in favor of the plaintiff.[2] The court subsequently denied the plaintiff's motion to reargue, in which the plaintiff had requested that, "due to the factual complexities surrounding these events, [the court] set this matter down for oral argument."[3]

The plaintiff commenced the present action in June, 2006. Its revised complaint contained five counts against the defendant arising from her refusal to surrender the funds upon her receipt thereof in the days prior to being served with a valid property execution.[4] The defendant filed an answer and special defenses on May 15, 2009. Those defenses alleged, inter alia, that the plaintiff's claims were barred by the doctrines of collateral estoppel and res judicata.

On November 8, 2010, the defendant filed a motion for summary judgment, in which she averred that she was "entitled to judgment as a matter of law as to all

legal obligation to pay [the plaintiff, the defendant] unlawfully withheld those funds and unlawfully turned them over to [the judgment creditor]."

[2] In rendering a determination that the money judgment has been satisfied, the court did not issue an oral or written decision. Rather, the court circled "granted" on the order page of the plaintiff's motion and signed that document on September 12, 2005.

[3] At oral argument before this court, counsel for the defendant stated that the record indicates that "neither of the parties asked for oral argument" in the proceeding on the motion for a judgment of satisfaction. The plaintiff's October 7, 2005 motion to reargue its objection to that motion, which the defendant has included in the appendix to her appellate brief, plainly belies that assertion.

[4] The plaintiff's complaint alleged that the defendant (1) made false material representations upon which it relied to its detriment, (2) wrongfully withheld its property, thereby committing statutory theft in violation of General Statutes § 52-564 et seq., (3) committed conversion, (4) violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., and (5) and breached her duties of care pursuant to the Rules of Professional Conduct.

counts under the principles of collateral estoppel and res judicata because the undisputed material facts demonstrate that the issues and claims as to the defendant's improper conduct in holding and forwarding judgment funds to a third party as alleged in the plaintiff's complaint has already been litigated in the underlying action when the court decided [Six Flags'] [m]otion for [d]etermination as to satisfaction of judgment." The defendant appended to that motion copies of various pleadings and documents related to the prior action against Six Flags, as well as an affidavit of Stevenson, who attested that "on June 15, 2005 I levied funds being held by [the defendant, and] these funds are a result of payment on a judgment in the [Six Flags litigation]."[5] The plaintiff objected to the motion, on which the court heard argument on November 29, 2010. On March 23, 2011, the court issued a memorandum of decision rendering summary judgment in favor of the defendant, concluding that the plaintiff's claims were barred by both res judicata and collateral estoppel. From that judgment, the plaintiff appeals.

Before considering the plaintiff's specific claims, we note that summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). "A material fact is a fact that will make a difference in the result of the case. . . . [T]he burden of showing the nonexistence of any material fact is on the party seeking summary judgment . . . . It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward . . . evidentiary facts, or substantial evidence outside the pleadings to show the

---

[5] The defendant herself did not submit an affidavit.

absence of any material dispute." (Citation omitted; internal quotation marks omitted.) *Barasso* v. *Rear Still Hill Road, LLC*, 81 Conn. App. 798, 803, 842 A.2d 1134 (2004). "A motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) *Lunn* v. *Cummings & Lockwood*, 56 Conn. App. 363, 370, 743 A.2d 653 (2000). Because the court's decision on a motion for summary judgment is a legal determination, our review on appeal is plenary. *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 559, 864 A.2d 1 (2005). Similarly, "[t]he applicability of the doctrines of res judicata or collateral estoppel presents a question of law, over which our review is plenary." *Somers* v. *Chan*, 110 Conn. App. 511, 526, 955 A.2d 667 (2008).

On appeal, the plaintiff maintains that the court improperly concluded that no genuine issue of material fact existed as to whether the doctrines of preclusion bar its claims against the defendant. Those doctrines "are judicially created rules of reason that are enforced on public policy grounds . . . [and] whether to apply either doctrine in any particular case should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close . . . and the competing interest of the plaintiff in the vindication of a just claim. . . . These [underlying] purposes are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation." (Citation omitted; internal quotation marks omitted.) *Weiss* v. *Weiss*, 297 Conn. 446, 460, 998 A.2d 766 (2010). Both collateral estoppel and res judicata

are grounded in "the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." *State* v. *Ellis*, 197 Conn. 436, 465, 497 A.2d 974 (1985), on appeal after remand sub nom. *State* v. *Paradise*, 213 Conn. 388, 567 A.2d 1221 (1990), overruled in part by *State* v. *Skakel*, 276 Conn. 633, 693, 888 A.2d 985, cert. denied, 549 U.S. 1030, 127 S. Ct. 578, 166 L. Ed. 2d 428 (2006). At the same time, our Supreme Court has instructed that those doctrines of preclusion "should be flexible and must give way when their mechanical application would frustrate other social policies based on values equally or more important than the convenience afforded by finality in legal controversies." *In re Juvenile Appeal (83-DE)*, 190 Conn. 310, 318, 460 A.2d 1277 (1983). Finally, we note that the party asserting a defense of collateral estoppel or res judicata bears the burden of establishing its applicability. See *State* v. *Knight*, 266 Conn. 658, 664, 835 A.2d 47 (2003); *Commissioner of Environmental Protection* v. *Connecticut Building Wrecking Co.*, 227 Conn. 175, 195, 629 A.2d 1116 (1993). With that context in mind, we turn our attention to the plaintiff's specific claims.

I

The plaintiff contends that the court improperly concluded that no genuine issue of material fact existed as to whether collateral estoppel barred its claims in the present case.[6] We agree.

"[C]ollateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined

---

[6] In its original appellate brief, the plaintiff claimed only that the court improperly determined that no genuine issue of material fact existed as to whether its claims were barred by res judicata. In her appellate brief, the defendant raised, as an alternate ground of affirmance, the issue of whether the court also correctly concluded that no genuine issue of material fact existed as to whether the plaintiff's claims were barred by collateral estoppel. This court subsequently ordered the parties to file simultaneous supplemental briefs addressing that issue.

in an earlier proceeding between the same parties or those in privity with them upon a different claim. . . . An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of dicta. . . . To assert successfully the doctrine of issue preclusion, therefore, a party must establish that the issue sought to be foreclosed actually was litigated and determined in the prior action between the parties or their privies, and that the determination was essential to the decision in the prior case." (Citations omitted; internal quotation marks omitted.) *Dowling* v. *Finley Associates, Inc.*, 248 Conn. 364, 373–74, 727 A.2d 1245 (1999). Those requirements serve to ensure "fairness, which is a crowning consideration in collateral estoppel cases." (Internal quotation marks omitted.) *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 306, 596 A.2d 414 (1991).

In the prior case, a court trial was held on the issue of whether the plaintiff was entitled to damages for concrete work that it performed at the Six Flags amusement park, at the conclusion of which the court rendered a money judgment in favor of the plaintiff. Certainly, that issue was fully and fairly litigated, and neither party argues to the contrary. It further is undisputed that the parties to that prior action thereafter agreed that the total amount due under that judgment was $18,445.66.

On August 30, 2005, the defendant, on behalf of Six Flags, filed a "motion for determination that judgment has been satisfied." In that motion, the defendant

averred that she had received payment from Six Flags in the amount of $18,445.66 on June 10, 2005, to satisfy the aforementioned judgment. The defendant also indicated that she subsequently turned those funds over to Stevenson when served with a property execution on the personal property of the plaintiff, a copy of which she appended to the motion. Accordingly, the defendant averred that Six Flags "having paid the judgment in this matter in an amount that the plaintiff agreed would satisfy the judgment, has in fact satisfied the judgment. The fact that the plaintiff was the subject of an execution that is unrelated to this case is irrelevant to the question of [Six Flags'] satisfaction of judgment in this case and should not prevent [Six Flags] from obtaining a satisfaction of judgment." Notably, the plaintiff, in objecting to the motion, did not dispute the fact that Six Flags in good faith had made payment to the defendant. More specifically, the plaintiff averred that the defendant "received the settlement funds from . . . Six Flags on or about June 15, 2005," and acknowledged that Six Flags had "given [the] funds to [the defendant] with the express purpose of satisfying its legal obligation to pay [the plaintiff] . . . ." On those pleadings, the court granted the motion and determined that Six Flags had satisfied the money judgment.

Although the filing of a notice of satisfaction of judgment is commonplace; see, e.g., *Lestorti* v. *DeLeo*, 298 Conn. 466, 470, 4 A.3d 269 (2010); *Powell* v. *Infinity Ins. Co.*, 282 Conn. 594, 597, 922 A.2d 1073 (2007); *Wells Fargo Bank, NA* v. *Cornelius*, 131 Conn. App. 216, 219, 26 A.3d 700, cert. denied, 302 Conn. 946, 30 A.3d 1 (2011); *MedValUSA Health Programs, Inc.* v. *MemberWorks, Inc.*, 109 Conn. App. 308, 312–13, 951 A.2d 26 (2008); our courts have not directly addressed the elements of the motion at issue in this appeal, namely, a motion to determine that a money judgment has been satisfied. That is not to say such a motion is improper.

Pursuant to General Statutes § 52-350d (a), "[f]or the purposes of postjudgment procedures, the Superior Court shall have jurisdiction over all parties of record in an action until satisfaction of the judgment . . . ." As used in § 52-350d (a), a postjudgment procedure is "any procedure commenced after rendition of a money judgment"; General Statutes § 52-350a (15); and a money judgment "means a judgment, order or decree of the court calling in whole or in part for the payment of a sum of money . . . ." General Statutes § 52-350a (13). It is undisputed that the plaintiff obtained a money judgment against Six Flags in the prior action. The court therefore retained jurisdiction over the motion filed by Six Flags. Accord 50 C.J.S. 226, Judgments § 910 (2009) ("court may, on motion and satisfactory proof that a judgment has been paid and satisfied in whole or in part by the act of the parties thereto, order it discharged and canceled of record, to the extent of the payment or satisfaction"); 47 Am. Jur. 2d 382, Judgments § 804 (2006) (courts have inherent power to entertain action to determine whether judgment has been satisfied). Moreover, our rules of practice specifically authorize the filing of a motion to determine that a judgment has been satisfied. Practice Book § 6-5 provides in relevant part that "[w]hen the judgment is satisfied in a civil action, the party recovering the judgment shall file written notice thereof with the clerk, who shall endorse judgment satisfied on the judgment file . . . . The judicial authority may, upon motion, make a determination that the judgment has been satisfied." The question pertinent to our inquiry, then, is what issues necessarily must be determined in order for a trial court properly to grant such a motion.

"A satisfaction of judgment is the discharge of an obligation under a judgment by payment of the amount due." 47 Am. Jur. 2d, supra, § 804, p. 382. "The satisfaction of a judgment refers to compliance with or fulfillment of the mandate thereof. . . . There is realistically

no substantial difference between the words paid and satisfied in the judgment context." (Citation omitted; internal quotation marks omitted.) *Mazziotti* v. *Allstate Ins. Co.*, 240 Conn. 799, 807, 695 A.2d 1010 (1997). A determination that a judgment has been satisfied "operates to extinguish [the judgment] for all purposes . . . . It is absolutely determinative of the rights of the parties . . . . Further proceedings may not commence upon a judgment which has been satisfied . . . ." 50 C.J.S. supra, § 909, p. 225. "Where a judgment creditor has received *actual payment of the judgment or any equivalent therefor* . . . but [the judgment creditor] refuses to acknowledge or enter satisfaction, the court having control of the judgment may . . . order satisfaction to be entered officially." (Emphasis added.) Id., § 911, p. 228.

In light of the foregoing, we conclude that the following issues are prerequisites to the rendering of a determination by the court that a money judgment has been satisfied. First, the judgment creditor must have obtained a valid money judgment against the judgment debtor. Second, the judgment debtor must have paid the amount of that judgment. In so doing, the court must find that the judgment debtor either made actual payment to the judgment creditor or a payment equivalent thereto.

We now apply those elements to the matter at hand, cognizant both that the court did not render an oral or written decision in granting Six Flags' motion for a determination that the judgment had been satisfied and that "[t]his court does not presume error on the part of the trial court . . . ." *State* v. *Tocco*, 120 Conn. App. 768, 781 n.5, 993 A.2d 989, cert. denied, 297 Conn. 917, 996 A.2d 279 (2010). It is undisputed that Six Flags did not make actual payment to the plaintiff. Thus, in granting Six Flags' motion, the court necessarily found

that (1) the plaintiff had obtained a valid money judgment against Six Flags in the amount of $18,445.66, and (2) Six Flags thereafter made payment in that amount in a manner equivalent to actual payment to the plaintiff. That latter finding is substantiated by the uncontested facts that Six Flags on June 10, 2005, paid the defendant $18,445.66 to satisfy its legal obligation to the plaintiff and that on June 15, 2005, the defendant relinquished those funds to Stevenson upon being served with an execution against the property of the plaintiff. In so doing, the payment by Six Flags satisfied $18,445.66 in debt that the plaintiff legally owed to a third party at that time.[7] Accordingly, the court properly could determine, in rendering a satisfaction of judgment, that the payment constituted an equivalent to actual payment of the money judgment to the plaintiff. Because a satisfaction of judgment "operates to extinguish [the judgment] for all purposes [and] is absolutely determinative of the rights of the parties"; 50 C.J.S., supra, § 909, p. 225; the court on those two predicate findings therefore could extinguish Six Flags' legal obligation to the plaintiff by rendering a valid satisfaction of judgment.

Returning our attention to the attributes of collateral estoppel, we note that "[f]or estoppel to apply, the fact sought to be foreclosed by [the] defendant must necessarily have been determined in his favor in the prior trial; it is not enough that the fact *may* have been determined in the former trial. . . . The defendant has the burden of showing that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." (Citation omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Aparo*, 223 Conn. 384, 406, 614 A.2d 401 (1992), cert. denied, 507

[7] In light of the plaintiff's concession that the defendant ultimately surrendered the payment from Six Flags to a valid third party creditor of the plaintiff via Stevenson, it is difficult to discern precisely how the plaintiff suffered damages as a result thereof. Nevertheless, that is not at issue in this appeal.

U.S. 972, 113 S. Ct. 1414, 1415, 122 L. Ed. 2d 785 (1993). In the context of summary judgment, our Supreme Court has held that "[a]s the moving party seeking summary judgment, it [is] incumbent upon the defendants to show that the judgment against the plaintiffs in the [prior] action could not have been rendered without deciding the issues upon which the [present] action was predicated." *Dowling* v. *Finley Associates, Inc.*, supra, 248 Conn. 378–79. Accordingly, the burden was on the defendant to demonstrate that the issues raised in the present action; see footnote 4 of this opinion; necessarily were determined by the court in deciding Six Flags' motion for a determination that the judgment had been satisfied in the prior action. That she failed to do. We already have concluded that the court could have rendered a determination that a money judgment had been satisfied without passing on the question of whether the defendant wrongfully withheld the plaintiff's funds for five days after Six Flags tendered payment to her. The defendant has provided this court with no authority, nor are we aware of any, indicating that the issue of her retention of the plaintiff's funds prior to being served with a valid execution is an issue that the court necessarily had to determine prior to concluding that Six Flags had satisfied the money judgment in the prior proceeding.[8]

---

[8] While certainly a situation in which the defendant's payment of a client's funds to a third party lacking legal claim thereto could require consideration by a court confronted with a motion to determine whether a judgment had been satisfied; see 50 C.J.S., supra, § 911, p. 228 (in acting on motion to determine whether judgment is satisfied, court may be required to decide "disputed issues of fact"); that is not the case here, as it is undisputed that Stevenson ultimately served the defendant with a valid execution and secured the plaintiff's funds from Six Flags. Moreover, such consideration would pertain to the question of whether the judgment debtor made a payment equivalent to actual payment to the judgment creditor. By contrast, in a case such as this, where the parties concede both (1) that Six Flags tendered payment of the money judgment to the defendant and (2) that the defendant furnished those funds to a valid third party judgment creditor via Stevenson five days later, the court could have determined that Six Flags had satisfied its legal obligation to the plaintiff while leaving for another

The sole issue presented in the August 30, 2005 motion for a determination that the judgment had been satisfied was whether the legal obligations of Six Flags should be extinguished with respect to the money judgment in favor of the plaintiff. See 50 C.J.S. supra, § 909, p. 225. That motion plainly represented to the court that because Six Flags had paid the amount of the money judgment in a manner equivalent to actual payment to the judgment creditor, the entry of a satisfaction of judgment in favor of Six Flags was warranted. The motion further represented that ancillary issues, such as whether the plaintiff was subject to an execution by a third party, were "irrelevant" to the question of whether the liability of Six Flags should be extinguished. On that basis, the plaintiff maintains that the court could have granted Six Flags' motion without ever considering whether the defendant acted improperly in withholding its payment to the plaintiff for a period of five days despite her earlier representation to the plaintiff that payment would be made contemporaneously with her receipt of the funds from Six Flags. We agree. The defendant has not met her burden in demonstrating on the record before us that the court necessarily had to determine the various issues raised in the present action in order to render a valid determination that Six Flags satisfied the money judgment.[9]

day the question of whether the defendant committed the various alleged offenses; see footnote 4 of this opinion; in refusing to relinquish the funds to the plaintiff in the interim of those two events. Stated differently, it is possible for a court to determine whether a judgment debtor made a payment equivalent to actual payment to the judgment creditor and thereby satisfied the money judgment without necessarily deciding whether the judgment debtor's attorney committed malfeasance in the handling of those funds prior to tendering such payment.

[9] As a result, even if the court expressly had addressed the plaintiff's allegations of malfeasance on the part of the defendant—which it did not—it nevertheless remains that when "an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of dicta." (Internal quotation marks omitted.) *Dowling* v. *Finley Associates, Inc.*, supra, 248 Conn. 374; see also

We also are mindful that collateral estoppel is a flexible doctrine; *Corcoran* v. *Dept. of Social Services*, 271 Conn. 679, 697, 859 A.2d 533 (2004); whose " 'crowning consideration' " is fairness. *Aetna Casualty & Surety Co.* v. *Jones*, supra, 220 Conn. 306. The scope of matters precluded by that doctrine "necessarily depends on what has occurred in the former adjudication." *State* v. *Ellis*, supra, 197 Conn. 467. As the Restatement (Second) of Judgments states in relevant part, "relitigation of [an] issue in a subsequent action between the parties is not precluded in the following circumstances . . . . A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts . . . ." 1 Restatement (Second), Judgments § 28 (1982). The commentary to that provision explains that in many cases "there is no reason why preclusion should not apply; the procedures followed in the two courts are comparable in quality and extensiveness, and the first court was fully competent to render a determination of the issue on which preclusion is sought. In other cases, however, there may be compelling reasons why preclusion should not apply. For example, the procedures available in the first court may have been tailored to the prompt, inexpensive determination of small claims and thus may be wholly inappropriate to the determination of the same issues when presented in the context of a much larger claim. The scope of review in the first action may have been very narrow." Id., comment (d), p. 279. That appears to be the case here, as the sole question presented in Six Flags' motion was whether it had satisfied the money judgment by making a payment equivalent to actual payment to the plaintiff.

1 Restatement (Second), Judgments § 27, comment (h), p. 258 (1982) ("Such determinations have the characteristics of dicta, and may not ordinarily be the subject of an appeal by the party against whom they were made. In these circumstances, the interest in providing an opportunity for a considered determination, which if adverse may be the subject of an appeal, outweighs the interest in avoiding the burden of relitigation.").

We find compelling the fact that neither Six Flags nor the defendant ever disputed the specific allegations raised by the plaintiff before the prior tribunal. In responding to Six Flags' motion for a satisfaction of judgment determination, the plaintiff filed a three paragraph objection that, inter alia, alleged malfeasance on the part of the defendant while conceding that Six Flags had tendered payment in the proper amount, which ultimately ended up in the hands of one of its creditors via a property execution. The defendant, on behalf of Six Flags, did not acknowledge—never mind refute— the allegations of malfeasance in any manner. Rather, the defendant, on behalf of Six Flags, averred that Six Flags "having paid the judgment in this matter in an amount that the plaintiff agreed would satisfy the judgment, has in fact satisfied the judgment. The fact that the plaintiff was the subject of an execution that is unrelated to this case is irrelevant to the question of [Six Flags'] satisfaction of judgment in this case and should not prevent [Six Flags] from obtaining a satisfaction of judgment." In addition, no argument was heard on the plaintiff's allegations of malfeasance by the defendant, despite its request therefor, and the court's decision to grant Six Flags' motion for a satisfaction of judgment determination did not address the plaintiff's allegations in any manner. Our examination of what transpired in the prior action; see *State* v. *Ellis*, supra, 197 Conn. 467; convinces us that the issue of the defendant's alleged malfeasance was outside the narrow scope of the court's review into whether the legal obligation of Six Flags to satisfy the money judgment should be extinguished. Accordingly, to apply the doctrine of collateral estoppel in such circumstances strikes us as unfair and unwarranted when the issues raised in the present action were tangential to the prior action.

Under well established law, the defendant bore both the burden of establishing the applicability of collateral

estoppel and, given the procedural posture of this case, the lack of any genuine issue of material fact related thereto. It thus was incumbent on her to demonstrate that no genuine issue of material fact existed as to whether the court, in determining that Six Flags had satisfied the money judgment, decided the question of whether the defendant committed the alleged malfeasance in withholding payment to the plaintiff for days before being served with a valid execution by Stevenson despite her earlier assurance to the contrary. Because she did not satisfy that burden, the court improperly rendered summary judgment on collateral estoppel grounds.

II

The plaintiff also argues that the court improperly concluded that no genuine issue of material fact existed as to whether res judicata barred its claims in the present case. The doctrine of res judicata, or claim preclusion, provides that "[a] valid, final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand." (Internal quotation marks omitted.) *Gaynor* v. *Payne*, 261 Conn. 585, 595–96, 804 A.2d 170 (2002). Like collateral estoppel, res judicata is grounded in "the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest"; *State* v. *Ellis*, supra, 197 Conn. 465; and thus operates to prevent "relitigation of issues or claims previously resolved." *Commissioner of Environmental Protection* v. *Connecticut Building Wrecking Co.*, supra, 227 Conn. 188. For two distinct reasons, we conclude that res judicata is inapplicable to the present case.

First, the defendant has not demonstrated the lack of a genuine issue of material fact as to whether the

plaintiff had the opportunity to fully and fairly litigate, and have finally decided, the claims raised in the present action; see footnote 4 of this opinion; before the prior court. The sole question presented by Six Flags' motion was whether it had satisfied the money judgment by making a payment equivalent to actual payment to the plaintiff. The undisputed facts indicate that in the prior action (1) Six Flags' asserted that other issues were "irrelevant" to that determination; (2) neither Six Flags nor the defendant acknowledged or refuted the allegations of malfeasance on the part of the defendant in that proceeding; (3) no hearing was held on the matter; and (4) the court did not address those allegations in any manner in determining that Six Flags had satisfied the money judgment. In light of our conclusion in part I of this opinion that the trial court in the prior action properly could decide Six Flags' motion for a satisfaction of judgment determination *without* considering the issue of the defendant's alleged malfeasance, it would be incongruous nevertheless to conclude, given the procedural posture of this case, that no genuine issue of material fact exists as to whether the plaintiff had the opportunity before the prior court both to fully and fairly litigate, and to have finally decided, the claims raised in the present action.

Second, the defendant has not demonstrated the requisite identity of parties. "The doctrine of res judicata [applies] to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." *Wade's Dairy, Inc.* v. *Fairfield*, 181 Conn. 556, 559, 436 A.2d 24 (1980); see also *Commissioner of Environmental Protection* v. *Connecticut Building Wrecking Co.*, supra, 227 Conn. 188 (same); *Corey* v. *Avco-Lycoming Division*, 163 Conn. 309, 317, 307 A.2d 155 (1972) ("[a] final judgment on the merits is conclusive on the parties in an action and their privies as to the cause of action involved"), cert.

denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973); *Barton* v. *Norwalk*, 131 Conn. App. 719, 727, 27 A.3d 513 (whether "the identities of the parties to the actions are the same" is one of "essential elements of res judicata"), cert. denied, 303 Conn. 906, 31 A.3d 1181 (2011); 50 C.J.S., supra, § 936, p. 258 ("[f]or a judgment to be res judicata in a subsequent suit there must be identity of parties or their privies"). The defendant was not a party to the prior action.

On appeal, the defendant argues that privity is not required when a defendant employs the defensive use of res judicata. She provides no authority for that proposition. Rather, the defendant posits that because our case law provides that privity is not required in the context of the defensive use of collateral estoppel; see, e.g., *Aetna Casualty & Surety Co.* v. *Jones*, supra, 220 Conn. 300–302; *Gionfriddo* v. *Gartenhaus Cafe*, 15 Conn. App. 392, 404, 546 A.2d 284 (1988), aff'd, 211 Conn. 67, 557 A.2d 540 (1989); "the fact that the defendant was not a party or in privity with [Six Flags] is of no consequence here because she is seeking to assert res judicata against the plaintiff, who was a party to the prior adjudication . . . ." That novel assertion plainly is contrary to the well established law of our Supreme Court recognizing, as an "element of the doctrine of res judicata"; *Commissioner of Environmental Protection* v. *Connecticut Building Wrecking Co.*, supra, 227 Conn. 195; the requirement of mutuality of parties and their privies.[10] Id., 188. It is axiomatic that this court, as an intermediate body, is "bound by Supreme Court precedent and [is] unable to modify it . . . . [W]e are not at liberty to overrule or discard the

---

[10] Her novel argument to the contrary, the defendant in her appellate brief quotes a decision of the Superior Court for the principle that "[f]or res judicata to apply, four . . . elements must be established [including] the [identities] of the parties must be the same in both actions . . . ." (Internal quotation marks omitted.)

decisions of our Supreme Court but are bound by them. . . . [I]t is not within our province to reevaluate or replace those decisions." (Citation omitted; internal quotation marks omitted.) *State* v. *Smith*, 107 Conn. App. 666, 684–85, 946 A.2d 319, cert. denied, 288 Conn. 902, 952 A.2d 811 (2008). Proper regard for this court's role as an intermediate appellate tribunal precludes our reconsideration of the aforementioned precedent.

Alternatively, the defendant maintains that she is in privity with Six Flags. She claims that because the plaintiff raised the issue of her alleged malfeasance in its opposition to Six Flags' motion for a judgment of satisfaction, "her interests and rights were represented such that privity would exist between her and [Six Flags]." We disagree with the defendant that no genuine issue of material fact exists as to whether she is in privity with Six Flags.

Our Supreme Court has explained that "[p]rivity is a difficult concept to define precisely. . . . There is no prevailing definition of privity to be followed automatically in every case. It is not a matter of form or rigid labels; rather it is a matter of substance. In determining whether privity exists, we employ an analysis that focuses on the functional relationships of the parties. Privity is not established by the mere fact that persons may be interested in the same question or in proving or disproving the same set of facts. Rather, it is, in essence, a shorthand statement for the principle that [the doctrines of preclusion] should be applied only when there exists such an identification in interest of one person with another as to represent the same legal rights so as to justify preclusion." (Citation omitted.) *Mazziotti* v. *Allstate Ins. Co.*, supra, 240 Conn. 813–14. "A key consideration in determining the existence of privity is the sharing of the same legal right by the parties allegedly in privity." (Internal quotation marks omitted.) Id., 813.

In the present case, commonality of interest appears to be lacking. Because the court properly could determine that Six Flags had satisfied the money judgment without passing on the question of whether the defendant committed the transgressions alleged in the present action, Six Flags had little interest in the resolution of that question. If anything, Six Flags possessed an interest potentially adverse to that of the defendant, as such allegations, if proven, could give rise to a dispute between it and the defendant regarding her representation thereof. Absent commonality of interest, there can be no privity. See id., 814.

Viewing the pleadings, affidavits and other proof submitted in a light most favorable to the plaintiff, we conclude that genuine issues of material fact exist as to whether the plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata. Accordingly, the court improperly rendered summary judgment in favor of the defendant.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.