DARRELL MORRIS *v.* YALE UNIVERSITY
(AC 34671)

Lavine, Robinson and Bear, Js.

192

Argued February 14—officially released April 23, 2013

*John R. Williams*, for the appellant (plaintiff).

*Patrick M. Noonan*, with whom, on the brief, was *Colleen Noonan Davis*, for the appellee (defendant).

*Opinion*

BEAR, J. The plaintiff, Darrell Morris, appeals from the summary judgment of the trial court, rendered in favor of the defendant, Yale University, on the plaintiff's

complaint. On appeal, the plaintiff claims that the court "erred in failing to view the evidence in the light most favorable to the nonmoving party and in finding disputed facts, when deciding the defendant's motion for summary judgment." We affirm the judgment of the trial court.

The plaintiff alleged the following relevant facts in his complaint. In the fall of 2000, the plaintiff was a matriculated medical student at the Yale University School of Medicine (medical school). Upon his admission to medical school, the defendant gave the plaintiff a student handbook that "memorializ[ed] the policies, procedures and rules governing student requirements." This handbook created a contract between the defendant and the plaintiff. One of the requirements in the handbook was that medical students had to take and pass step one of the United States medical licensing examination (exam). The handbook stated that students were allowed three opportunities to pass this exam, and students were expected to pass the exam within six years of their admission to the medical school. By October, 2003, the plaintiff had taken the exam twice and failed it both times. The defendant then dismissed the plaintiff without permitting him a third opportunity to take the examination. The plaintiff appealed the dismissal, and the medical school conditionally readmitted him. When the plaintiff had not retaken the exam by June 30, 2004, however, the medical school again dismissed him. The plaintiff took the exam in March, 2005, and passed it. He then notified the medical school and requested readmission, which it denied.

By complaint dated April 30, 2007, returnable June 5, 2007, the plaintiff brought the present action, alleging breach of contract, negligent misrepresentation, breach of the covenant of good faith and fair dealing, and promissory estoppel. On May 14, 2008, the defendant filed a

motion for summary judgment on the entire complaint, supported by the affidavit of Nancy R. Angoff, the associate dean for student affairs of the medical school, and numerous exhibits. In response, the plaintiff submitted an objection and an affidavit with exhibits in support thereof. On May 7, 2012, the court granted the defendant's motion in its entirety and rendered judgment in favor of the defendant. This appeal followed.

"The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . Finally, the scope of our review of the trial court's decision to grant the plaintiff's motion for summary judgment is plenary." (Internal quotation marks omitted.) *DiPietro* v. *Farmington Sports Arena, LLC*, 306 Conn. 107, 115–16, 49 A.3d 951 (2012).

On appeal, the plaintiff admits that the evidence before the trial court "was sufficient to justify a jury verdict in the defendant's favor," but he argues that the court erred in "relying on that evidence to the detriment of the contrary evidence offered by the plaintiff. Most particularly, it clearly is not the case that no reasonable jury could find from the plain language of the student

handbook that the parties had no expectation that a student would be given three opportunities to pass the exam before being terminated. While it is possible that a jury *could* reach the same conclusion reached by the court on that issue, it manifestly is not the case that a jury would be *required* to do so. Indeed, the more reasonable interpretation of the handbook language, particularly since it was written by the defendant . . . is that the defendant did promise each student 'three strikes' before being terminated." (Citation omitted; emphasis in original.) We are not persuaded.

In this case, the plaintiff's complaint is grounded on the allegation that he was dismissed from medical school by the defendant because he twice failed the exam, although the defendant had promised, either contractually or otherwise, to give him three opportunities to take the exam before dismissing him. With its motion for summary judgment, the defendant submitted a detailed affidavit from Angoff, explaining and documenting with exhibits that the plaintiff was dismissed from medical school because he failed to take the exam by June 30, 2004, and pass it, as he was required to do by the terms of his conditional readmission, and because he had demonstrated a pattern of poor academic performance. Specifically, the documents demonstrated that in June, 2003, the progress committee of the medical school unanimously decided to place the plaintiff on academic probation because of his continuing poor academic performance. In October, 2003, the progress committee again reviewed the plaintiff's progress and, taking into consideration the plaintiff's struggles with his academics and his failure to pass the exam on two occasions, voted to dismiss him from the medical school. After the plaintiff appealed from that decision, the medical school allowed him to return under specific conditions, the first of which was that he successfully complete the exam prior to June 30, 2004.

Portions of the plaintiff's deposition in which he acknowledged that he was readmitted to medical school on a probationary basis conditioned on his successfully completing the exam prior to June 30, 2004, and admitted that he knew this but that he did not follow through by timely taking the exam, also were submitted in support of the defendant's motion for summary judgment. The plaintiff additionally acknowledged that the medical school could dismiss a student for reasons other than his or her failure to pass the exam after three attempts. Nothing in the documents submitted in support of the plaintiff's opposition to the motion for summary judgment disputed the defendant's evidence or created a genuine issue of material fact as to the reasons for the defendant's dismissal of the plaintiff from medical school. He previously had been dismissed for poor academic performance and for twice failing to complete the exam successfully. After probational readmittance, conditioned, in part, on his successful completion of the exam prior to June 30, 2004, he, nevertheless, failed to take the exam prior to that date.

Our law regarding summary judgment is quite clear: "[T]he burden of showing the nonexistence of any material fact is on the party seeking summary judgment . . . [and it] is required to bring forward . . . evidentiary facts, or substantial evidence outside the pleadings to show the absence of any material dispute. . . . The party opposing summary judgment must present a factual predicate for his argument to raise a genuine issue of fact." (Citation omitted; internal quotation marks omitted.) *Barasso* v. *Rear Still Hill Road, LLC*, 81 Conn. App. 798, 803, 842 A.2d 1134 (2004). Reviewing the record before us, including the court's well reasoned and thorough memorandum of decision, we conclude that the court properly rendered summary judgment in favor of the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.