[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT
On January 7, 2002, the court, Thompson, J., entered judgment in favor of the plaintiff against the defendant in the amount of $20,585.90, plus $1500 in attorneys' fees for a total of $22,085.90 plus costs. On February 26, 2002, the defendant moved to reopen. It contends that the motion for summary judgment that resulted in the entry of the judgment against it was received immediately prior to defendant's counsel going on vacation and that he had not known that the motion was going forward. Although the undersigned initially denied the motion to open, he subsequently granted reargument.
At that argument, plaintiffs counsel was unable to state with certainty whether he had or had not notified defendant's counsel that he was intending to go forward on the motion for summary judgment that led to the entry of judgment in this case. Under these circumstances and given the defendant's contention that a defense exists to this action, the defendant has successfully shown that it was "prevented by mistake, accident or other reasonable cause" from raising that defense.
The plaintiff also argues that because the judgment has been satisfied, the case may not be reopened. It was given an opportunity to brief this issue, but the only case found by the plaintiff, GeneralMotors Acceptance Corporation v. Pumphrey, 13 Conn. App. 223, 535 A.2d 396
(1988) is not truly on point.
Because the defendant has represented that a defense existed at the time the judgment was entered, and because it has demonstrated that as a result of mistake or other good cause, namely that counsel was not made aware of the fact that the motion for summary judgment would be going forward, the defendant is entitled to have this judgment opened. For all of the above reasons, the motion to open the judgment is therefore granted.
Jonathan E. Silbert, Judge CT Page 12613