# CITY OF NEW HAVEN *v.* GOD'S CORNER CHURCH, INC., ET AL.
## (AC 28052)

Flynn, C. J., and DiPentima and Robinson, Js.

Argued January 7—officially released June 3, 2008

*Max F. Brunswick*, for the appellant (named defendant).

*Philip G. Kent*, with whom was *Karen Baldwin Kravetz*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, J. The defendant in this foreclosure action, God's Corner Church, Inc.,[1] appeals from the judgment of the trial court dismissing its motion to determine the debt owed to the plaintiff, the city of New Haven. The defendant claims that the court improperly (1) concluded that it lacked subject matter jurisdiction to address the defendant's motion because the plaintiff had filed a satisfaction of judgment and (2) failed to hold an evidentiary hearing on the defendant's claim that the plaintiff had been unjustly enriched by the defendant's overpayment in redeeming the property. We reverse the judgment of the trial court.

The following procedural history is relevant to our disposition of the defendant's appeal. By amended complaint dated December 20, 2001, the plaintiff sought to foreclose eight municipal tax liens against property owned by the defendant within the city of New Haven at 793-795 Grand Avenue. After a series of delays in the proceedings, the court rendered judgment of foreclosure by sale on November 14, 2005, and set a sale date of February 18, 2006. On February 14, 2006, the defendant filed a motion to extend the sale date and to determine the debt owed to the plaintiff. On February 17, 2006,

---

[1] The plaintiff named as additional party defendants Jerome R. Goldberg and Ina J. Goldberg as trustees of the Ina J. Goldberg Revocable Trust, the water pollution control authority, the South Central Connecticut Regional Water Authority and the Connecticut Community Investment Corporation. None of those additional parties has joined in this appeal. Accordingly, we refer to God's Corner Church, Inc., as the defendant.

the court denied the defendant's motion as to extending the sale date but deferred ruling on the motion as to the debt, allowing the defendant to reclaim its motion with respect to that issue. After the sale had proceeded as scheduled, the committee filed a motion to approve the sale and the committee's deed, and the defendant reclaimed its motion to determine the debt. Both motions were scheduled for a hearing on March 13, 2006. Prior to the hearing, however, the defendant paid the plaintiff a sum of money to redeem the property, and, on March 9, 2006, the plaintiff filed a satisfaction of the judgment with the court. On March 13, 2006, the court ordered the parties to brief the issue that the defendant raises on appeal, namely, whether the court retained subject matter jurisdiction to address the defendant's motion to determine the debt after the plaintiff had filed the satisfaction of the judgment. On August 25, 2006, the court resolved that question in favor of the plaintiff and dismissed the defendant's motion to determine the debt. This appeal followed.

"A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . .

"Subject matter jurisdiction [implicates] the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings." (Internal quotation

marks omitted.) *Fort Trumbull Conservancy, LLC* v. *New London*, 282 Conn. 791, 802, 925 A.2d 292 (2007).

"The Superior Court is a court of general jurisdiction. It has jurisdiction of all matters expressly committed to it and of all other matters cognizable by any law court of which the exclusive jurisdiction is not given to some other court. The fact that no other court has exclusive jurisdiction in any matter is sufficient to give the Superior Court jurisdiction of that matter. . . . [T]he general rule of jurisdiction . . . is that nothing shall be intended to be out of the jurisdiction of a Superior Court but that which specially appears to be so . . . . [N]o court is to be ousted of its jurisdiction by implication." (Citation omitted; internal quotation marks omitted.) *Carten* v. *Carten*, 153 Conn. 603, 612–13, 219 A.2d 711 (1966); see also *State* v. *Radzvilowicz*, 47 Conn. App. 1, 36, 703 A.2d 767, cert. denied, 243 Conn. 955, 704 A.2d 806 (1997).

The plaintiff asserts that the court's jurisdiction in this matter is revoked expressly by General Statutes § 52-350d (a). That statute provides in relevant part: "For the purposes of postjudgment procedures, the Superior Court shall have jurisdiction over all parties of record in an action until satisfaction of the judgment . . . ." General Statutes § 52-350d (a). As used in § 52-350d (a), a postjudgment procedure is "any procedure commenced after rendition of a money judgment"; General Statutes § 52-350a (15); and a money judgment "means a judgment, order or decree of the court calling in whole or in part for the payment of a sum of money . . . ." General Statutes § 52-350a (13). The primary issue, therefore, is whether a judgment of foreclosure by sale is a "money judgment" within the meaning of § 52-350a (13). If so, we then must decide whether, after a judgment of foreclosure by sale is satisfied, the statute revokes the court's jurisdiction over the subject matter,

as the plaintiff argues, or instead merely revokes the court's personal jurisdiction over the parties.[2]

"Issues of statutory construction raise questions of law, over which we exercise plenary review. . . . The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Pritchard* v. *Pritchard*, 103 Conn. App. 276, 283, 928 A.2d 566 (2007).

The relevant law concerning foreclosure actions is well settled. "[O]rdinarily [a] money judgment is obtained by an action at law . . . . [A]n action is to be deemed legal in nature, rather than equitable, where the only relief sought is the collection of money damages." (Citation omitted; internal quotation marks omitted.) *Gagne* v. *Vaccaro*, 80 Conn. App. 436, 442, 835 A.2d 491 (2003), cert. denied, 268 Conn. 920, 846 A.2d

[2] Because we hold that a judgment of foreclosure by sale is not a money judgment within the meaning of § 52-350d (a), we need not address whether § 52-350d is a limitation on the court's personal or subject matter jurisdiction.

881 (2004). A foreclosure action, however, is an equitable proceeding. *New Haven Savings Bank* v. *LaPlace*, 66 Conn. App. 1, 9, 783 A.2d 1174, cert. denied, 258 Conn. 942, 786 A.2d 426 (2001). "At common law, the term foreclosure meant strict foreclosure. . . . General Statutes § 49-24 appends to that definition the remedy of foreclosure by sale without altering the existing common law definition." (Citations omitted.) *Madison Hills Ltd. Partnership III* v. *Madison Hills, Inc.*, 35 Conn. App. 81, 90–91, 644 A.2d 363, cert. denied, 231 Conn. 913, 648 A.2d 153 (1994). "Generally, foreclosure means to cut off the equity of redemption, the equitable owner's right to redeem the property. . . . The purpose of the judicial sale in a foreclosure action is to convert the property into money and, following the sale, a determination of the rights of the parties in the funds is made, and the money received from the sale takes the place of the property. The vesting of title to a . . . property in the mortgagee [or lienholder] under a foreclosure decree constitutes appropriation of the property to the payment of the . . . debt, and, where the value of the property foreclosed exceeds the amount of the . . . debt, the mortgagee [or lienholder] is entitled to nothing more. . . . Accordingly, when the mortgagee [or lienholder] takes title to the property, the fair market value of which exceeds the amount of the debt, its debt is satisfied by virtue of its ownership of the collateral." (Citation omitted; internal quotation marks omitted.) *Mortgage Electronic Registration Systems, Inc.* v. *White*, 278 Conn. 219, 229–30, 896 A.2d 797 (2006).

"[A]t common law, a mortgagee was required to elect between a foreclosure action or an action on the underlying debt. . . . Thus, even if the value of the property that the mortgagee gained was less than the debt owed to her, the entry of judgment precluded any further

common-law proceedings on the note. . . . Consequently, in 1833, the legislature created the remedy of the deficiency judgment in order to make the plaintiff whole when the value of the security did not cover the amount of the debt owed to the plaintiff. . . . In contrast, tax lienors, like judgment and condominium lienors, are not barred, under common law, from obtaining a judgment of strict foreclosure and, thereafter, commencing a separate action to recover the balance of any additional debt owed. Cf. General Statutes § 12-172 ([n]o sale of real estate for taxes or foreclosure of any lien shall divest the estate sold of any existing lien for other taxes)." (Citation omitted; internal quotation marks omitted.) *Winchester* v. *Northwest Associates*, 255 Conn. 379, 388 n.7, 767 A.2d 687 (2001). The fact, however, that a separate proceeding may result in a personal judgment against the debtor for the amount of the debt unsatisfied by the foreclosed property does not convert that portion of the equitable foreclosure proceedings into an action at law. See *Federal Deposit Ins. Corp.* v. *Voll*, 38 Conn. App. 198, 210, 660 A.2d 358, cert. denied, 235 Conn. 903, 665 A.2d 901 (1995).

With these legal principles in mind, we conclude that a judgment of foreclosure does not call in whole or in part for the payment of a sum of money but, rather, it calls for the vesting and divesting of title to real property. Accordingly, a judgment of foreclosure by sale is not a money judgment within the meaning of § 52-350a (13). See *Stein* v. *Hillebrand*, 240 Conn. 35, 44, 688 A.2d 1317 (1997) (mortgagee does not have to obtain "money judgment" but could instead institute foreclosure proceedings on property); see also *Cooke* v. *Cooke*, 99 Conn. App. 347, 352, 913 A.2d 480 (2007) (marital dissolution judgment that did not order party to pay certain sum for child's educational expenses cannot fairly be characterized as money judgment); *Amresco New England II, L.P.* v. *Colossale*, 63 Conn. App. 49, 55, 774 A.2d 1083

(2001) (because foreclosure is peculiarly equitable action, court may entertain such questions as necessary in order that complete justice may be done). Because a judgment of foreclosure by sale is not a money judgment under § 52-350a (13), the proceedings following a judgment of foreclosure by sale are not postjudgment proceedings for purposes of § 52-350a (15). In turn, § 52-350d, which applies only to postjudgment proceedings as defined by § 52-350a (15), does not limit the court's jurisdiction to address a party's claims after a property has been redeemed following a judgment of foreclosure by sale. Thus, we conclude that § 52-350d did not revoke the court's jurisdiction to reach the merits of the defendant's motion to determine the debt, and the court improperly dismissed the defendant's motion on that basis.

Having concluded that the court improperly dismissed the defendant's motion, we next must determine to what relief, if any, the defendant is entitled. The defendant prays for a remand to the trial court for an evidentiary hearing to determine whether the plaintiff should return any part of the amount paid by the defendant to redeem the property. Specifically, the defendant claims that the plaintiff was unjustly enriched because it improperly had demanded and received payment for (1) approximately $22,000 in settlement of a separate dispute between the parties, (2) a "statutory collection fee" that was not submitted to the court or made a part of the judgment and (3) $3117.05 in excess of the attorney's fees awarded by the court. The plaintiff, in response, asserts that it was entitled to demand those sums and that, in any event, the defendant has waived its claim of unjust enrichment by knowingly and voluntarily paying the amount demanded without reserving its rights to dispute the amount demanded.

Before we address the defendant's claim, we note the following additional facts, which are not in dispute.

On November 14, 2005, the court found the amount of the debt to be $94,415.59 and awarded the plaintiff, as part of its judgment of foreclosure by sale, $18,850 in attorney's fees. On March 3, 2006, the plaintiff's attorney issued to the defendant's attorney a payoff letter itemizing the amounts that the plaintiff claimed the defendant owed in order to redeem the property. The total amount in demand, as stated in the payoff letter, was $168,799.69. On March 9, 2006, the defendant paid the full amount of the March 3, 2006 demand.

The parties disagree on whether the defendant, in paying the full amount of the demand, has waived its right to dispute the amount of the debt or whether it has preserved that claim. "Whether a waiver has occurred is a factual question, reviewable under the clearly erroneous standard." (Internal quotation marks omitted.) *Suffield Development Associates Ltd. Partnership* v. *National Loan Investors, L.P.*, 97 Conn. App. 541, 565, 905 A.2d 1214, cert. denied, 280 Conn. 942, 943, 912 A.2d 479 (2006). The court, however, made no findings with respect to the plaintiff's waiver argument, and it is not clear from the record whether the defendant had made such a waiver.[3] Accordingly, we must remand this case to the trial court for a determination of this threshold issue and, in the event the court finds that no waiver occurred, a decision on the merits of the defendant's claim.

[3] We note that in its order dismissing the defendant's motion to determine the debt, the court stated: "Notwithstanding the defendant's claim to the contrary, the court finds, under the facts of this case, that the defendant was not prevented by mistake, accident or other reasonable cause from raising its claim, as those terms are intended in *A.I. Credit Corp.* v. *M.A. Gronski, Inc.*, Superior Court, judicial district of New Haven, Docket No. CV-01-0452088-S (October 3, 2002) (33 Conn. L. Rptr. 216)." We question the propriety of this finding in light of the record, which indicates that the defendant, in fact, had raised its claim on February 14, 2006, prior to redeeming the property on March 9, 2006.

The order dismissing the named defendant's motion to determine the debt is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.