## WELLS FARGO BANK, NA *v.* FREDERICK CORNELIUS ET AL.
### (AC 32007)

DiPentima, C. J., and Lavine and Sullivan, Js.

Argued February 16—officially released September 6, 2011

*Frederick Cornelius*, pro se, the appellant (named defendant).

*Charles D. Ray*, with whom was *Matthew A. Weiner*, for the appellee (plaintiff).

*Opinion*

SULLIVAN, J. The defendant Frederick Cornelius appeals from the judgment of foreclosure by sale, rendered by the trial court in favor of the plaintiff, Wells

Fargo Bank, NA. On appeal, the defendant claims that the court improperly (1) denied his motion to dismiss, (2) rejected his tender of payment as insufficient, (3) determined the amount of the debt, (4) considered the parties' motions in the wrong order and (5) imposed costs for filing the motion to open prior to placing it on the motion calendar. We disagree with all of the defendant's claims and, accordingly, affirm the judgment.

The record reveals the following facts and procedural history. On May 30, 2008, the plaintiff filed a complaint for foreclosure of a mortgage against Cornelius, Margaret A. O'Brien and the tax collector of the town of Farmington,[1] for real property located at 1507 Farmington Avenue in Farmington. Service was made by a marshal leaving a copy of the process at the subject property based on the determination that it was the defendant's usual place of abode. On June 27, 2008, the court rendered a default judgment against the defendant on a motion by the plaintiff for the defendant's failure to appear. On July 14, 2008, the court rendered judgment of foreclosure by sale and set a sale date of October 18, 2008.

On October 1, 2008, the defendant appeared in the action and filed a motion to dismiss alleging that he had not been properly served at his actual address. In response, the plaintiff filed an objection to the motion to dismiss, and later filed a motion to open and vacate the default judgment, which was granted. The plaintiff also filed a motion to cite in the defendant as a party. The court granted that motion and ordered that the defendant be properly served at the address he provided, which the plaintiff did. On February 9, 2009, the

[1] The action was withdrawn as against the defendant Margaret A. O'Brien in June, 2008. The tax collector of the town of Farmington is not a party to this appeal. We therefore refer in this opinion only to Frederick Cornelius as the defendant.

court denied the defendant's motion to dismiss, noting in the order that the plaintiff had amended the summons and served the defendant at the address he provided.

On October 13, 2009, the court granted the plaintiff's motion for summary judgment as to liability, and on February 5, 2010, the court rendered judgment of foreclosure by sale, finding the debt and fair market value of the property and ordering a sale date of May 8, 2010. On February 18, 2010, the plaintiff filed a satisfaction of judgment, indicating that the defendant had paid the plaintiff all amounts due as found by the court in the February 5, 2010 judgment. On February 24, 2010, the defendant filed the present appeal.

We placed this appeal on the court's own motion calendar. Counsel and pro se parties were ordered to appear and to give reasons, if any, why the defendant's appeal from the judgment of foreclosure by sale should not be dismissed as moot due to the filing of the satisfaction of judgment. On July 15, 2010, the parties appeared to argue the issues, after which we marked off the motion and ordered the parties to address the mootness question in their briefs.

"Mootness implicates [the] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become

moot. . . . Because mootness implicates subject matter jurisdiction, it presents a question of law over which our review is plenary." (Citations omitted; internal quotation marks omitted.) *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 502, 506–507, 970 A.2d 578 (2009).

The defendant argues that because he challenges the service of process and the court's exercise of personal jurisdiction over him, the appeal is not moot. The defendant also suggests that the court can order restitution as a remedy, and, therefore, practical relief may be granted. We agree.

Our case law, while infrequently addressing this issue, indicates that the filing of a satisfaction of judgment does not render appeals moot because of the possibility of restitution or reimbursement. In *Bock* v. *Meriden Trust & Safe Deposit Co.*, 135 Conn. 94, 95 and n.1, 60 A.2d 918 (1948), our Supreme Court denied a motion to erase, holding that satisfaction of a judgment did not render an appeal of that judgment moot because if the judgment was erroneous, the defendant could secure reimbursement. In *Preisner* v. *Aetna Casualty & Surety Co.*, 203 Conn. 407, 414–15, 525 A.2d 83 (1987), our Supreme Court noted: "[A]n order of execution, in the absence of a stay, does not moot the justiciability of a pending appeal. If a judgment has been satisfied before it is reversed . . . the law raises an obligation in the party to the record, who has received the benefit of the erroneous judgment, to make restitution to the other party for what he has lost; and the mode of proceeding to effect this object must be regulated according to circumstances." (Internal quotation marks omitted.) See also *New Haven* v. *God's Corner Church, Inc.*, 108 Conn. App. 134, 948 A.2d 1035 (2008) (trial court had jurisdiction to rule on defendant's motion to determine debt owed under tax liens after

defendant redeemed property and satisfaction of judgment filed). In the present case, title has fully vested in the defendant, but restitution remains an option were this court to conclude that his claims have merit. Although we are not persuaded by the defendant's claims, the case is not moot and we will address each claim herein.

## I

The defendant first claims that the court improperly denied his motion to dismiss for invalid service of process. The defendant argues that the court wrongly held that the motion to dismiss was not accompanied by a properly executed affidavit, notice was sufficient to establish personal jurisdiction, that the court abused its discretion in denying the defendant a "trial like" hearing on the merits of the motion, and that the plaintiff's motion to cite in did not cure the jurisdictional defect.

In the present case, the court, *Hon. Samuel Freed*, judge trial referee, ordered the plaintiff to effect service of process, and then the court, *Aurigemma, J.*, concluded that service had been made. Even if we agreed with the defendant's legal claims, his arguments do not address the conclusion by the court that service of process had been made at the address he provided. The defendant has raised no argument that the court's conclusion that he had been served at the address that he provided was incorrect.

## II

The defendant next claims that the court erred in concluding that the tender of payment made by the defendant in September, 2008, was insufficient. This claim has no merit. The court did not take any action to influence whether the plaintiff would accept or reject the tender of payment that the defendant offered, nor

did the defendant ask the court to order the plaintiff to accept the tender. In its articulation, the court, *Hon. Robert Satter*, judge trial referee, noted that at the time of the tender, the outstanding judgment against the defendant exceeded the amount of the tender. We need not decide whether the court had the authority to require the plaintiff to accept a lesser amount because the court was not called upon to do so.

### III

The defendant next claims that the court erred in determining the amount of the debt in the judgment. The defendant argues that following the rejection of the tender of payment by the plaintiff, he was no longer liable for any subsequent interest or costs. The defendant's argument depends on the conclusion that he tendered full payment to the plaintiff. As we have concluded already, the plaintiff was not required to accept any payment that was less than the full amount to which it was entitled, which, at the time of tender, had been determined by a judgment of the court. Thus, there is no basis for us to conclude that the subsequent fees should not have been included in the judgment.

### IV

The defendant next claims that the court improperly considered the plaintiff's motion to cite in before ruling on his motion to dismiss. Again, the claim lacks merit. The case law relied on by the defendant primarily concerns the question of subject matter jurisdiction, which indisputably must be resolved prior to the court ruling on other motions. By contrast, the very nature of a motion to cite in a new party means that the court will order a party summoned prior to obtaining personal jurisdiction. See Practice Book § 9-18.

### V

Finally, the defendant claims that the court improperly required him to pay fees to the clerk on the motion

to open prior to placing it on the motion calendar. This claim has been briefed inadequately, and we therefore will not address it. See *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control*, 266 Conn. 108, 120, 830 A.2d 1121 (2003).

The judgment is affirmed.

In this opinion the other judges concurred.