G POWER INVESTMENTS, LLC *v.* GTHERM, INC.
ET AL.
(AC 33999)

Gruendel, Robinson and Espinosa, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued November 30, 2012—officially released March 26, 2013

*Suzanna LaPlante*, with whom was *Michael Berman*, for the appellants (proposed intervenors).

*Kerry M. Wisser*, with whom was *Nathan A. Schatz*, for the appellee (plaintiff).

*Kelly Burns Gallagher*, with whom, on the brief, was *Eric W. Wiechmann*, for the appellee (defendants).

*Opinion*

ESPINOSA, J. The proposed intervenors, Jerrold M. Metcoff and David B. Wilson, appeal from the trial court's denial of their motion to intervene in the underlying civil action between the plaintiff, G Power Investments, LLC, and the defendants, GTherm, Inc.

(GTherm), Michael Parrella and Pardev, LLC (Pardev), and from the judgment of the trial court granting the defendants' motion for judgment based on a stipulation agreed to by the plaintiff and the defendants.[1] The proposed intervenors claim that the trial court erred (1) by not allowing them to intervene, either as a matter of right or permissively, in order to exercise their rights as judgment lien creditors of Parrella, and (2) by rendering judgment in accordance with the stipulation of the parties, which they claim violated their rights as judgment lien creditors.[2] We do not reach the merits of these claims because the appeal has been rendered moot. Accordingly, we dismiss the appeal.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. On May 17, 2011, the plaintiff initiated the action underlying this appeal and filed a nine count complaint against the defendants. In count one of the complaint, the plaintiff alleged that, on August 4, 2010, GTherm executed a promissory note for $1 million in favor of the plaintiff. It alleged further that Parrella unconditionally guaranteed the note and that, in the note, Parrella and GTherm "agreed to pay the total sum due and owing plus . . . [i]nterest accrued thereon . . . simple interest . . . accrued and unpaid interest and any other sums due hereunder." The plaintiff also alleged that GTherm had defaulted on the note after failing to make payments.

In count two, the plaintiff alleged that, to secure the note, GTherm and Parrella entered into a security

[1] On November 17, 2011, the proposed intervenors amended their original November 9, 2011 appeal from the denial of their motion to intervene to include an appeal from the stipulated judgment rendered on October 24, 2011.

[2] Specifically, the proposed intervenors claim that, pursuant to General Statutes § 42a-9-611 et seq., they were entitled to notice of any proposed disposition of Parrella's assets, the right to ensure that the sale of such assets was commercially reasonable and the right to reject any proposed settlement of the underlying action through the strict foreclosure of Parrella's assets.

agreement with the plaintiff, which granted the plaintiff a security interest in property belonging to GTherm and Parrella, including Parrella's interest in the stock of a Connecticut corporation, Discount Power, Inc. (Discount Power), as well as GTherm and Parrella's interest in "any and all patents whether related to the production of energy or other purposes . . . ." The plaintiff further alleged that GTherm and Parrella were in default under the terms of the security agreement. In count three, the plaintiff alleged that the GTherm and Parrella also breached an assignment agreement they had entered into with the plaintiff as additional security for the note. In count four, the plaintiff alleged that, under a separate guarantee agreement with the plaintiff, GTherm pledged its stock and all patents related to and owned by GTherm to guarantee the repayment of the note. In count five, the plaintiff alleged that Parrella pledged the same GTherm stock and patents, as well as any patents that he owned, to guarantee repayment of the note. In count six, the plaintiff alleged that, as further collateral security for repayment of the note, Parrella and Pardev pledged 500 shares of stock in GTherm owned by Pardev "and/or" Parrella, and that the pledge agreement called for the foreclosure of the pledged shares upon default of the note.[3] The plaintiff sought money damages, foreclosure of the pledges of shares of stock, and possession of GTherm stock and all patents belonging to GTherm and Parrella.

---

[3] In count seven, the plaintiff alleged that GTherm and Parella breached the guarantee agreements in a manner different from the manner alleged in counts four and five. In counts eight and nine, the plaintiff sought to recover damages under theories of promissory estoppel and unjust enrichment, respectively.

We note that the plaintiff filed an amended complaint on October 13, 2011, with the defendants' consent. The amended complaint added two additional paragraphs containing allegations that were necessary to state the plaintiff's claims accurately, but these allegations are not relevant to the issues on appeal.

On June 29, 2011, the plaintiff filed an application for a prejudgment remedy to secure the sum of $1,090,000 with the attachment of the defendants' property and an order restraining the defendants from selling, trading, assigning or disposing of any stocks, property or patents they own during the pendency of the action. On September 13, 2011, the plaintiff, with the consent of the defendants, filed a motion for continuance with respect to its prejudgment remedy application, indicating that the parties were in the process of negotiating a settlement, which would be finalized within ninety days. The court granted the plaintiff's motion on the same day.

On February 17, 2011, before the present action was initiated, the proposed intervenors obtained a judgment against Parrella in the amount of $2,385,256 in an unrelated action. The proposed intervenors also filed with the secretary of state judgment lien certificates against Parrella's assets, including his shares of stock and patents.

On October 3, 2011, the proposed intervenors filed a motion to intervene in the present action for the purpose of being heard on the plaintiff's prejudgment remedy application and any proposed settlement in this action. In the motion, they claimed that the court should permit them to intervene, either as of right or permissively, in order to protect their rights as judgment lien creditors of property and assets of Parrella because the plaintiff's prejudgment remedy application and the parties' proposed settlement jeopardized the effectiveness and priority of their judgment liens. Specifically, the proposed intervenors argued they were entitled to notice of any proposed attachment or transfer of Parrella's assets and property and that they had the right to ensure that any such attachment or transfer "properly reflects, protects and preserves" their judgment lien rights. On October 17, 2011, the court denied the motion to intervene. In its order denying the motion, the court

stated that "[t]he proposed intervenors do not meet the test for intervention as of right. After weighing the factors set forth in case law for permissive intervention . . . the court declines to allow intervention at this point in the proceedings and given the nature of the movants' interest." (Citation omitted.)

On October 21, 2011, the defendants filed a motion for judgment requesting that the court render judgment in accordance with a stipulation between the plaintiff and the defendants. The stipulation, dated October 7, 2011, stated that judgment would enter for the plaintiff in the amount of $2.3 million in accordance with its terms. The stipulation provided in relevant part: "Defendants hereby immediately and irrevocably pledge and assign all rights, title and interest owned in the 119,000 shares of [c]ommon [s]tock and 2,000 shares of [p]referred A stock in Discount Power . . . and the [5 percent] of GTherm . . . [s]tock set forth in the original loan agreement between the parties to the [p]laintiff." On October 24, 2011, the court granted the defendants' motion for judgment and rendered judgment in accordance with the stipulation.

The proposed intervenors appealed from the denial of their motion to intervene on November 9, 2011. On November 17, 2011, they amended their appeal to include a challenge to the stipulated judgment rendered on October 24, 2011. On February 15, 2012, this appeal was placed on the court's own motion calendar for dismissal on the ground of mootness because the underlying action had gone to judgment. After a hearing on the matter, this court marked the matter off and ordered that the parties brief the mootness issue.

On July 10, 2012, during the pendency of this appeal, the plaintiff filed a notice of satisfaction of judgment indicating that the stipulated judgment rendered on October 24, 2011, had been satisfied "as to all defen-

dants in accordance with its terms by virtue of [Pardev] having assigned and transferred to [the] plaintiff . . . the following shares of stock, which stock was owned by . . . Pardev: 1. 119,000 shares of common stock in Discount Power . . . and 2. 2000 shares of [c]lass A preferred stock in Discount Power . . . . None of the other defendants provided any payment or any other consideration to the plaintiff for the purpose of satisfying the judgment. Only . . . Pardev provided the above-consideration in accordance with the terms of the [s]tipulated [j]udgment in order to obtain a [s]atisfaction of [j]udgment as to all of the defendants."

We do not reach the merits of the proposed intervenors' claims because their appeal has been rendered moot. "Mootness implicates [the] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . Because mootness implicates subject matter jurisdiction, it presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *Wells Fargo Bank, NA* v. *Cornelius*, 131 Conn. App. 216, 219–20, 26 A.3d 700, cert. denied, 302 Conn. 946, 30 A.3d 1 (2011).

In *Wells Fargo Bank, NA* v. *Cornelius*, this court held that Connecticut case law "indicates that the filing of a satisfaction of judgment does not render appeals moot

because of the possibility of restitution or reimbursement." Id., 220. In that case, the defendant appealed from the judgment of foreclosure by sale rendered in favor of the plaintiff. Id., 217. After the court rendered judgment and found the debt and fair market value of the property, the plaintiff filed a satisfaction of judgment indicating that the defendant had paid the plaintiff all amounts due as found by the court. Id., 219. As a preliminary matter, this court asked the parties to address the issue of whether the defendant's appeal had been rendered moot due to the filing of the satisfaction of judgment. Id. The defendant argued that the court could order restitution as a remedy and, therefore, practical relief could be granted. Id., 220. This court agreed and determined that the appeal was not moot because the court had the option of ordering the plaintiff to pay restitution if there had been merit to any of the defendant's claims. Id., 220–21.

"The law of judgments and satisfaction of judgments is well settled. The construction of a judgment is a question of law with the determinative factor being the intent of the court as gathered from all parts of the judgment. . . . As a general rule, the court should construe [a] judgment as it would construe any document or written contract in evidence before it. . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . [A]lthough ordinarily the question of contractual intent presents a question of fact for the ultimate fact finder, where the language is clear and unambiguous it becomes a question of law for the court.

"The satisfaction of a judgment refers to compliance with or fulfillment of the mandate thereof. . . . There is realistically no substantial difference between the words paid and satisfied in the judgment context. . . . Whether the satisfaction of judgment operates to discharge the judgment in any given case also depends

upon intent; specifically, the clearly expressed intention of the parties making and accepting the payment. . . . The cardinal rule of interpretation is the discovery of the intent and meaning of the parties from the language used . . . . As with a contract, in determining the meaning and effect of the controverted language in the satisfaction, the inquiry must focus on the intention expressed in the document and not on what intention existed in the minds of the parties." (Citations omitted; internal quotation marks omitted.) *Mazziotti* v. *Allstate Ins. Co.*, 240 Conn. 799, 806–807, 695 A.2d 1010 (1997).

The proposed intervenors argue that the stipulated judgment did not render their appeal moot because it required a transfer of assets belonging to Parrella in light of the fact that it applied to all defendants. They also argue that the satisfaction of judgment did not render their appeal moot because the Discount Power stock that was transferred pursuant to the terms of the satisfaction of judgment necessarily was stock owned by Parrella. Specifically, they argue that, based on the language of the stipulated judgment, the parties intended for the shares of Discount Power stock in which the plaintiff had a security interest to be subject to the transfer. Therefore, they argue that, because the plaintiff only had a security interest in Parrella's Discount Power stock, that stock was the only stock that could have been transferred to satisfy the stipulated judgment.[4] Further, they argue that because the plaintiff

[4] The argument of the proposed intervenors regarding the satisfaction of judgment is not logically sound because, although the security agreement provides evidence of the plaintiff's security interest in Parrella's shares of Discount Power stock, there is nothing in the record that indicates the plaintiff did *not* have an interest in Pardev's shares of Discount Power stock that were used to satisfy the judgment. Further, their argument invites us to disregard the plain language of the satisfaction of judgment when there is no basis in the record for us to do so. Accordingly, we find no merit in their argument.

The proposed intervenors also argue that if the parties intended for the defendants to transfer *only* shares of Discount Power stock owned by Pardev, they would have specifically stated that intention in the stipulation.

never sought to foreclose on Discount Power stock owned by Pardev in its complaint, they argue that it could not properly have obtained such relief in a stipulated judgment, nor could the stipulated judgment be satisfied by the transfer of Pardev's shares of stock.[5] The plaintiff and defendants argue that the satisfaction of judgment rendered the proposed intervenors' appeal moot because it indicates that the stipulated judgment was fully satisfied as to all defendants by the transfer of shares of stock in Discount Power owned by Pardev, not Parrella. Because the proposed intervenors have claimed an interest only in Parrella's assets and because no defendant other than Pardev provided payment or any other consideration to the plaintiff to satisfy the judgment, the plaintiff and defendants assert that the satisfaction of judgment rendered moot any interest that the proposed intervenors claimed to have in this litigation. We agree with the plaintiff and the defendants.

Preliminarily, the proposed intervenors correctly note that, because the stipulated judgment applied to all defendants, when the court rendered judgment in accordance with the stipulation on October 24, 2011, the assets of Parrella could have been subject to the judgment at that time. The language in the July 10, 2012 satisfaction of judgment notice, however, clearly expressed the parties' intent that the satisfaction of judgment would operate to discharge the judgment against *all defendants*. See *Mazziotti* v. *Allstate Ins. Co.*, supra, 240 Conn. 807. The satisfaction of judgment

To the extent that they suggest that, in order for the satisfaction of judgment to validly discharge the judgment, the parties were required to have specifically stated in the stipulation that the shares transferred would be limited to those owned by Pardev, we find no support for this claim.

[5] We need not resolve any argument that the stipulated judgment was improper because it did not adequately reflect the relief that was sought in the complaint because any such argument has been rendered moot by the satisfaction of judgment.

indicated that the stipulated judgment was satisfied as to all defendants in accordance with its terms by virtue of Pardev's assignment and transfer to the plaintiff of its stock shares in Discount Power. Accordingly, as the plaintiff itself readily argues in this appeal, any claim against Parrella's assets that it may have had before the judgment was satisfied no longer exists.

While we acknowledge that the filing of a satisfaction of judgment does not render an appeal moot when there is a possibility of restitution or reimbursement; *Wells Fargo Bank, NA* v. *Cornelius,* supra, 131 Conn. App. 220; the satisfaction of judgment in the present case has rendered the proposed intervenors' appeal moot because there is no such possibility here. According to the plain language of the satisfaction of judgment, only Pardev provided the consideration to satisfy the judgment and "[n]one of the other defendants provided any payment or any other consideration to the plaintiff for purpose of satisfying the judgment." Because the notice unambiguously states that no defendant other than Pardev provided any payment or consideration to satisfy the stipulated judgment, Parrella's assets were not affected by the satisfaction of the judgment. Therefore, there is no possibility of restitution or reimbursement to the proposed intervenors because their interest in this litigation is limited to the assets of Parrella that are subject to their judgment liens. The plaintiff and the proposed intervenors may once have had competing claims to Parella's assets. Because the plaintiff's claims against Parella have been satisfied by Pardev's assets, and because the proposed intervenors only claim an interest in Parella's assets, there is no practical relief that this court can grant to the proposed intervenors. Accordingly, their appeal has been rendered moot.

The appeal is dismissed.

In this opinion the other judges concurred.