# CARLTON E. BEYOR *v.* LAURA PAVANO BEYOR
## (AC 34737)

Robinson, Sheldon and Keller, Js.

Argued May 20—officially released October 1, 2013

*Rachel Kittredge Shipman*, with whom, on the brief, was *Ross G. Fingold*, for the appellant (plaintiff).

*Opinion*

PER CURIAM. The plaintiff in this marital dissolution action, Carlton E. Beyor, appeals from the judgment of the trial court awarding $12,500 in appellate attorney's fees to the defendant, Laura Pavano Beyor. The plaintiff claims that the court's award of attorney's fees was precluded by a valid and enforceable premarital agreement of the parties and that the award was not supported by a factual or evidentiary basis. We conclude that the appeal is moot and, accordingly, dismiss the appeal.

The record reflects the following undisputed facts. On August 7, 2006, the parties executed an agreement that, according to its terms, was to serve "as a marital settlement agreement in the event either party [sought] a marriage dissolution or divorce" and to "govern the rights of the parties upon separation, marriage dissolution or divorce." On August 12, 2006, the parties married in Stafford Springs.

On October 8, 2010, the plaintiff, claiming that the parties' marriage had broken down irretrievably, commenced a dissolution action and sought the adoption of the agreement as a marital settlement agreement. The defendant filed two special defenses in opposition to the plaintiff's request for enforcement of the agreement. She claimed that the agreement was (1) unconscionable both at the time of execution and at the time its enforcement was sought, and (2) obtained under duress. On November 29, 2011, after an evidentiary hearing, the court, *Fuger, J.*, ruled that "the [p]remarital [a]greement may be enforced in its entirety."

Subsequently, on December 9, 2011, the defendant filed a pendente lite motion requesting $15,000 in attorney's fees expressly for the purpose of retaining appellate counsel to prosecute an appeal challenging the court's November 29, 2011 ruling. On February 22, 2012, before the court, *Graziani, J.*, ruled on the defendant's pendente lite motion for attorney's fees, the defendant filed an appeal with this court, AC 34339, challenging the trial court's November 29, 2011 decision. The defendant filed that appeal as a self-represented party.

On June 4, 2012, the court, *Graziani, J.*, granted the defendant's pendente lite motion for attorney's fees. The court ordered that "the plaintiff pay to the defendant the sum of $12,500 to be used by the defendant to obtain appellate counsel in [AC 34339]. Said payment to be made within twenty days of this order." On June 20, 2012, the plaintiff filed the present appeal challenging the order awarding attorney's fees to the defendant.

On July 25, 2012, during the pendency of the present appeal, this court dismissed the defendant's appeal in AC 34339 on the ground that it was not taken from an appealable final judgment. The defendant did not seek certification to appeal to the Supreme Court from the dismissal of her appeal.

In his appellate brief, the plaintiff asserts that "[the] [d]efendant's request for appellate attorney's fees is moot" because, after this court's dismissal of AC 34339, no appeal by the defendant is pending. The facts of the present case, as well as this assertion of the plaintiff, give rise to an inquiry as to whether the present appeal, based on the court's award of attorney's fees to prosecute an appeal from the court's ruling concerning the enforceability of the parties' agreement, is now moot.

"Mootness implicates [the] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the

existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . Because mootness implicates subject matter jurisdiction, it presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *Wells Fargo Bank, NA* v. *Cornelius*, 131 Conn. App. 216, 219–20, 26 A.3d 700, cert. denied, 302 Conn. 946, 30 A.3d 1 (2011).

In the present appeal, the defendant did not file a brief with this court. In considering the issue of mootness, we searched the record and found no indication that the defendant incurred attorney's fees in connection with her self-represented appeal in AC 34339 *or* that she intends to claim that she incurred any fees in preparing, filing or prosecuting that appeal. Following oral argument in the present appeal, we sua sponte ordered the parties to file with this court a written response to the following question: "Whether the appellee, Laura Beyor, claims to have incurred any attorney's fees in preparing, filing or prosecuting her appeal (AC 34339) which was dismissed on July 25, 2012?" In response to that order, the plaintiff filed a written response, which included an affidavit from Rachel Kittredge Shipman, the plaintiff's attorney. In summary, the plaintiff's response asserts as a matter of fact that the defendant proceeded solely in a self-represented capacity in connection with AC 34339. In her response, the defendant represents in relevant part that "[she] was in the process of retaining

appellate court counsel when the [plaintiff] filed [the present] appeal" and that the plaintiff has not provided her with any moneys for attorney's fees. Further, she represents that "[she] ha[s] not been able to hire an appellate lawyer, and [she] ha[s] been self-represented during the appeal process." Thus, the representations of the parties are factually consistent.

We conclude that the order underlying the present appeal, requiring the plaintiff to pay attorney's fees to the defendant, for all practical purposes, has been rendered ineffective and unenforceable against the plaintiff. The appeal in AC 34339 has been dismissed, thereby obviating any claim of entitlement by the defendant for appellate attorney's fees to prosecute that appeal. There is no suggestion in the record or the assertions of the parties that any funds were paid to the defendant pursuant to the court's order. Furthermore, the record and the factual assertions of the parties before this court indicate that there is no basis on which the defendant properly may claim any entitlement to attorney's fees in connection with AC 34339.

Therefore, following the dismissal of the defendant's self-represented appeal in AC 34339, the order requiring the plaintiff to pay appellate attorney's fees to the defendant no longer gives rise to an actual controversy between the parties and there is no practical relief we could afford the plaintiff in the present appeal. Accordingly, we dismiss the appeal as moot.

The appeal is dismissed.