******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MARK SARGENT *v.* PAMELA SARGENT
(AC 36102)

Beach, Mullins and Schaller, Js.

*Argued December 10, 2014—officially released March 24, 2015*

(Appeal from Superior Court, judicial district of Stamford-Norwalk, Hon. Stanley Novack, judge trial referee [dissolution judgment]; Emons, J. [postjudgment orders].)

*Norman A. Pattis*, for the appellant (plaintiff).

*Opinion*

BEACH, J. The plaintiff, Mark Sargent, appeals from postdissolution orders entered by the trial court during a status conference. The plaintiff argues that the court denied him due process by not affording him notice and an opportunity to be heard at a postdissolution status conference. We dismiss the appeal as moot.

The parties' marriage was dissolved in August, 2012, following an uncontested hearing. The dissolution judgment incorporated by reference the parties' separation agreement, which provided that the plaintiff had sole legal custody of the parties' three minor children, that the children were to reside primarily with the plaintiff, and that the plaintiff was to make decisions related to school, medical and religious issues, and extracurricular activities.

At a postdissolution status conference held on August 29, 2013, the court, *Emons, J.*, issued orders relating to the guardian ad litem for the minor children, Joan Oppenheim, a doctor of psychology, that are the subject of this appeal.[1] One of the issues raised at the conference was the plaintiff's denying Oppenheim private access to the children. Oppenheim reported at the status conference that after one of the minor children had "run away" from the plaintiff's home, Oppenheim had wanted to speak to the child privately. She had arranged for the child to be seen by an evaluation psychiatrist because his regular therapist was on vacation. Oppenheim explained that the plaintiff had not allowed private access to the child and had declined to allow the child to be seen by the evaluation psychiatrist. Oppenheim further stated that when the defendant, Pamela Sargent, had taken the children to a meeting, the plaintiff also arrived and told Oppenheim that she could not see the children in his absence, even though Oppenheim had told the plaintiff several times that she would not conduct a session with both parents present.

The court told the plaintiff's attorney to go into the hallway and "have a heart-to-heart with [the plaintiff] because I will make orders in this case that could be anywhere on the spectrum from an admonishment to removing custody. Okay, so please tell him how important it is to cooperate with the court and with all the treaters and evaluators for the benefit of his children." Following two recesses and discussions of other issues, the court brought up the issue of "individuals . . . being denied access, especially Dr. Oppenheim." The plaintiff's cocounsel, Attorney Kevin Murray Smith, stated that no agreement had been reached, and that the plaintiff would not agree to private sessions between the children and the guardian ad litem until he was given direction by Smith's cocounsel, Attorney Norman A. Pattis, who was not present at the hearing because he was on trial elsewhere. The court advised

Smith to notify Pattis that if the plaintiff wanted to confer only with Pattis, then Pattis was to be present at all hearings. The court ordered the plaintiff "to allow the [guardian ad litem] and every therapist in this case to do their job which involves the children without him being present unless he is invited."

The plaintiff's counsel raised the issue of the defendant's automobile accident; her car reportedly had hit a tree while the children were in the car. He said that "perhaps [there would be] some changes to things as a result of that." Attorney Gary Cohen, the attorney for the guardian ad litem, stated: "This may be an appropriate time for me to ask the court to enter an order that [the plaintiff] may not contact or be in the presence of my client without my being present. There's no reason for me to give reasons, but my client is represented by counsel. She chooses not to engage with [the plaintiff] unless I am present during that engagement." The court responded by ordering the plaintiff not to contact Oppenheim without Cohen's being present.

Later in the hearing, the defendant's counsel stated that after one of the parties' children had run away from home, Oppenheim had made an appointment for that child to see a particular psychiatrist and that the plaintiff did not bring the child to that particular psychiatrist, but rather to a different mental health professional. The defendant's counsel requested that the child continue treatment with the psychiatrist selected by Oppenheim. The court ordered that the child continue treatment with the psychiatrist selected by Oppenheim "until or if the experts, not [the plaintiff] but the experts who have been in the midst of all the therapy and all the evaluations, suggest that that's where he belongs."[2]

Prior to the August 29, 2013 status conference, the plaintiff had filed a motion to dismiss Oppenheim as the guardian ad litem for the minor children because of bias. Oppenheim was the guardian ad litem for the minor children at the time of the August 29, 2013 status conference. She later was removed as the guardian ad litem for the minor children, and on November 25, 2013, the court, *Munro, J.*, appointed Attorney Jill Plancher to be the guardian ad litem for the minor children. In December, 2013, the court ordered Oppenheim to turn over her complete file in the matter to Plancher. The plaintiff's appeal is only from orders issued at the August 29, 2013 status conference.

On appeal, the plaintiff focuses on the August 29, 2013 orders of the court that (1) Oppenheim be permitted to meet with the children privately and (2) the plaintiff could not contact Oppenheim directly without first going through Cohen. These orders will be addressed in turn.

I

The plaintiff claims that the order of the court to

allow the guardian ad litem to meet with the children privately "was raised abruptly in the middle of the hearing by counsel for the guardian and was granted without any opportunity to be heard."[3] He contends that the court denied him his right to due process by issuing ad hoc orders without first giving notice of the issues to be addressed at the conference, thereby depriving the plaintiff of any meaningful opportunity to be heard.

Because Oppenheim was removed as guardian ad litem for the minor children, we consider whether the court's order pertaining to Oppenheim is moot. "Mootness implicates [the] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . Because mootness implicates subject matter jurisdiction, it presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *Wells Fargo Bank, NA* v. *Cornelius*, 131 Conn. App. 216, 219–20, 26 A.3d 700, cert. denied, 302 Conn. 946, 30 A.3d 1 (2011). "Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties." (Internal quotation marks omitted.) *State* v. *Begley*, 122 Conn. App. 546, 550–51, 2 A.3d 1 (2010). "A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists." (Internal quotation marks omitted.) *Waterbury Hospital* v. *Connecticut Health Care Associates*, 186 Conn. 247, 252, 440 A.2d 310 (1982).

The plaintiff's claim regarding the court's order to allow Oppenheim and the children's therapists to see the children without the plaintiff's being present is moot. This order pertained only to Oppenheim's role as guardian ad litem. Oppenheim subsequently was removed as the guardian ad litem for the minor children, and a new guardian ad litem was appointed.

The plaintiff argues in his brief that there were valid reasons why he wanted to attend meetings Oppenheim had with the children and children's therapists and that "[t]he source of antagonism between the [guardian ad litem] and the [plaintiff] was never considered by the court until a different judge, months later, heard from both the [guardian ad litem] and the [plaintiff] at an evidentiary hearing. When that hearing ended, the [guardian ad litem] was removed . . . ." The order appealed from related to a disagreement between Oppenheim and the plaintiff. At the August, 2013 hearing, Oppenheim explained to the court that she would not host a meeting with both parents present, and that the plaintiff declined to allow a meeting among Oppen-

heim, the defendant and the children without his being present. Prior to the court's order, the defendant's counsel stated that no agreement had been reached regarding this issue and that the plaintiff, at least as of the time of the hearing, would not agree to private sessions between the children and the guardian ad litem.

After Oppenheim was removed as guardian ad litem for the minor children, the court, *Munro, J.*, on December 18, 2013, ordered that the new guardian ad litem notify the plaintiff of any communications between her and any treaters. It further ordered that the plaintiff "may listen to any communications but not participate."[4] The court's order relating to Oppenheim was, then, no longer effective and was supplanted by the December, 2013 order, which permitted the plaintiff to be notified of and to attend meetings. Accordingly, no practical relief can be granted as to the order appealed from.

II

At oral argument before this court, the plaintiff contended that the order preventing contact with Oppenheim was not moot because he and Oppenheim may have unfinished business regarding payment. It is apparent from the record that at the time of the August, 2013 hearing there was tension between the plaintiff and Oppenheim. At that hearing, the plaintiff requested that Oppenheim be removed as guardian ad litem for the minor children. The court denied the request. Following the hearing, however, the plaintiff succeeded in removing Oppenheim as guardian ad litem for the minor children. Oppenheim's counsel requested at the August, 2013 hearing that the plaintiff not contact Oppenheim directly, but rather contact Oppenheim only through counsel, and the court so ordered. The "no contact" order, in the context of the hearing, related to Oppenheim in her capacity as the guardian ad litem and Cohen in his capacity as the attorney for the guardian ad litem. The order had nothing to do with as yet nonexistent financial business in the event that Oppenheim should at some point be removed as guardian ad litem. Once the relation of parent and guardian ad litem was extinguished, orders relating to the context of the relationship are of no effect and controversy regarding the orders is, then, moot.

The plaintiff further argues that the practice of issuing orders at status conferences without proper notice to the parties is pervasive and likely to recur, and, thus, the issue is not moot, but, rather, is capable of repetition but incapable of review. The record in this case includes the transcript of the August 29, 2013 hearing and does not reflect any such continuing practice, and we have no other record reflecting such practices.[5] Accordingly, we conclude that the issue presented is moot.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The defendant, Pamela Sargent, who had recently been in a car accident, did not attend the conference; her attorney, however, was present.

[2] The court's additional orders included: terminating the appellate stay in the event of an appeal; permitting the children to attend a birthday party at Citi Field in the New York City borough of Queens; denying the plaintiff's request to remove Oppenheim; denying the plaintiff's request to remove Cohen; requiring the parents to ensure that the children attend every appointment; and requiring the defendant to let the plaintiff know where the children were and to provide a telephone number where they could be reached during her parenting time.

[3] The plaintiff notes that he is not seeking appellate review of the substance of the interim custody orders themselves, but rather argues that the court failed to give him notice and a reasonable opportunity to be heard.

[4] The court stated: "The court orders Dr. Oppenheim [to] turn over her complete file (including any electronic communications), [of] what she procured in her investigation and all of her notes as well to [the new guardian ad litem] as soon as possible. The parties may receive a copy of the file, at their expense if any. Each of the children's providers, whether they be medical, mental health or educational, shall provide the [guardian ad litem] with their records regarding treatment and communications and make themselves open to communication with the [guardian ad litem]. This order includes but is not limited to Dr. Deborah Gruen and Dr. Elizabeth Baldwin and education professionals, who have treated or worked with and are treating and working with the children. When the [guardian ad litem] is going to have communications with any treaters (other than scheduling communications) she shall notify the [plaintiff]. The [plaintiff] may listen to any communications but not participate. If the [plaintiff] is not available when the communications are scheduled, then the communications shall still take place."

[5] We of course recognize and endorse the principle that hearings and conferences must comport with due process.